■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNAL M. PHILLIPS, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered November 6, 1980, which revoked defendant's probation and sentenced him to an indeterminate term of imprisonment not to exceed five years. On July 6, 1978, defendant was indicted for the crime of

criminal possession of stolen property in the first degree, a class D felony. Subsequently, defendant pleaded guilty to this crime and was sentenced to a term of five years' probation. On October 17, 1980, a petition for violation of probation was filed. This petition alleged that defendant violated his probation by failing to submit to psychiatric evaluations and treatment as directed. After a hearing before County Court, defendant was found in violation of his probation. This being the case, County Court revoked probation and sentenced defendant to an indeterminate sentence of imprisonment with a maximum term of five years. Upon appeal defendant raises three contentions. First, defendant contends that the second condition of his probation was overly vague and thus failed to give him notice of proscribed conduct. This condition directed that defendant "submit to medical/psychiatric evaluation and/or treatment as indicated; specifically, continue with the treatment program outlined by Capital District Psychiatric Center, Team B (Troy) and the Unity Park House." A reading of this condition fails to substantiate defendant's assertion. Rather, the condition clearly indicates that defendant was to continue treatment for his previously diagnosed and treated psychiatric problems. The record reveals that defendant failed to follow the treatment program and acted contrary to the instructions of the involved professionals. Second, defendant argues that County Court erred by sentencing him without the benefit of a new presentence report.[*] Considering the circumstances of this case, however, the sentencing court did not abuse its discretion by failing to consider a new presentence report. In the instant case, where defendant's mental condition was in issue, the sentencing court conducted a full hearing, which consisted of testimony by defendant, his advisor at the Capital District Psychiatric Center, and his probation officer. Accordingly, the sentencing court was assured that it had been "informed of any relevant changes which may have occurred since preparation of the original presentencing report" (*People v Halaby,* 77 AD2d 717, 718). Finally, defendant contends that the sentence imposed was harsh and excessive. This contention has no merit. Since the sentence is allowable under the Penal Law (§ 70.00, subd 2, par [d]), and there is no evidence that the trial court abused its discretion in imposing it, defendant's sentence should not be disturbed (*People v Robinson,* 65 AD2d 896). Judgment affirmed. Kane, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.

---

[*] A presentence report was prepared on defendant prior to his sentencing in December of 1978 on his conviction for the crime of criminal possession of stolen property in the first degree.