OPINION OF THE COURT
Eli H. Mellan, J.
In the above-entitled matter, the defendant being a mandatory youthful offender, pleaded guilty to sections 110.00 and 165.40 of the Penal Law as a class B misdemeanor. Upon conviction of the misdemeanor, under section 60.35 a mandatory penalty assessment must be levied in the sum of $40. The issue raised in this instance by the attorney for the defendant is whether the granting of the youthful offender application nullifies the requirement of imposing the mandatory penalty assessment. The enforceability of penalty assessment and the judicial advisability concerning the imposition of penalty assessment has been sufficiently reflected upon in People v Darrell J. (NYLJ, Aug. 30, 1982, p 6, col 4), wherein Judge Friess stated among other things the following: “Never in this court’s experience, as an attorney or as a judge, has any new statute created the judicial and administrative chaos that has resulted from the implementation of Penal Law section 60.35.”
The legality of the imposition of such penalty assessment is still pending in a class action in the Federal courts. In the meantime our courts are required to comply witlj the statute regardless of our views on the feasibility or enforceability of same.
*364 Under CPL 720.20, where an eligible youth is adjudicated a youthful offender, the court must direct that the conviction of the underlying crime be deemed vacated and replaced by a youthful offender finding. Thus the conviction of the class B misdemeanor was in fact vacated on the record, and this defendant was adjudicated a youthful offender. CPL 720.35 states that a youthful offender adjudication is not a judgment of conviction for any crime or other offense. Under CPL 720.10 a “ ‘Youthful offender finding’” means a finding which is substituted for the conviction of the crime.
Under subdivision 5 of section 60.35 of the Penal Law, where a conviction “is subsequently reversed”, a penalty assessment already collected must be refunded. The question in this instance is whether a conviction which is deemed to be vacated and replaced by a youthful offender finding is equivalent to a reversal of the conviction requiring the refunding of the penalty assessment.
Under Black’s Law Dictionary, “to vacate” means to annul, to set aside, to cancel, to rescind, to render an act void. “Reverse” is defined in Black’s Law Dictionary to overthrow, vacate, set aside, make void, annul, repeal or revoke.
In essence, this court finds that the vacating of the conviction pursuant to youthful offender treatment, whether it be a mandatory youthful offender or an eligible youth, is tantamount to a reversal requiring the refunding of a penalty assessment under subdivision 5 of section 60.35 and, therefore, the penalty assessment should not under such circumstances be levied. In this instance, incidentally, the District Attorney in responding to the defendant’s application herein, conceded that the application of the penalty assessment under these circumstances was inappropriate.
The court therefore determines that the penalty assessment under section 60.35 of the Penal Law should not be levied on a youthful offender adjudication, and if collected should be refunded.