OPINION OF THE COURT
Memorandum.
The order of the County Court should be modified to the extent of vacating the penalty assessment and, as so modified, affirmed.
Subdivision 1 of section 60.35 of the Penal Law mandates the imposition of a penalty assessment (now denominated a “mandatory surcharge”, L 1983, ch 15, § 2) upon a conviction for a felony, a misdemeanor, or a violation. CPL 720.35 (subd 1) states that a “youthful offender adjudication is not a judgment of conviction”. When the language of a statute is clear and unambiguous, the court is constrained to give effect to the plain meaning of the statute’s words (McKinney’s Cons Laws of NY, Book 1, Statutes, § 76; Eaton v New York City Conciliation & Appeals Bd., 56 NY2d 340).
The People’s contention that the imposition of the penalty assessment was proper in this case because CPL 720.20 (subd 1) requires that a youthful offender adjudication be based on a conviction must be rejected. Subdivision 4 of section 60.35 of the Penal Law states that: “Any person who has paid a mandatory surcharge * * * based upon a conviction that is subsequently reversed * * * shall be entitled to a refund”. CPL 720.20 (subd 3) requires that “[u]pon determining that an eligible youth is a youthful offender, the court must direct that the conviction be deemed vacated and replaced by a youthful offender find *897 ing”. Inasmuch as a mandatory vacatur of conviction pursuant to CPL 720.20 (subd 3) has the practical and legal effect of a reversal, subdivision 4 of section 60.35 of the Penal Law precludes the imposition of a penalty assessment based on youthful offender adjudications (see People v Gruber, 118 Misc 2d 363).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order modified in accordance with the memorandum herein and, as so modified, affirmed.