■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT STANTON, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered August 9, 1983, which resentenced defendant following the revocation of his probation.

The underlying facts of this case may be found in our earlier decision in *People v Stanton* (96 AD2d 652), where we affirmed defendant's probation violation but remitted the matter to County Court for resentencing due to that court's failure to obtain a new presentence report prior to imposing sentence. After review of a new presentence report recommending a maximum period of incarceration, defendant was resentenced to a term of 2⅓ to 7 years' imprisonment. Defendant now contends the sentence is harsh and excessive, but fails to indicate any extraordinary circumstances to demonstrate that further leniency is warranted. Instead, defendant simply argues that the

sentence was an exercise in retribution. The contention is meritless. In our view, County Court did not abuse its discretion by imposing a sentence for the underlying crime of grand larceny in the second degree within the scope of the applicable statutory guidelines (Penal Law, § 70.00, subd 2, par [d]; subd 3, par [b]; *People v Miller,* 74 AD2d 961, application for lv to app den 50 NY2d 1003).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.