■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES Z., Appellant.—Weiss, J. Appeal from a judgment of the County Court of Madison County (O'Brien, III, J.), rendered April 25, 1985, which revoked defendant's probation and imposed a sentence of imprisonment.

On March 23, 1984, defendant was accorded youthful offender treatment and placed on probation for a five-year period following his plea of guilty to attempted assault in the second degree and grand larceny in the third degree. Later that year, defendant was resentenced as a result of a probation violation in Onondaga County and given 60 days in jail and continued probation. The case was subsequently transferred from Onondaga County to Madison County. On March 6, 1985, a petition for violation of probation was filed based on defendant's failure to report to his probation officer, to maintain curfew and to attend a designated alcohol program. He also left Madison County on three occasions without permission. At the scheduled hearing on March 12, 1985, defendant admitted all the charges and was thereafter resentenced as a youthful offender to an indeterminate term of imprisonment of 1 to 3 years.

On this appeal, defendant's sole contention is that the sentence was unduly harsh and excessive. We disagree. The record establishes that defendant has repeatedly disregarded the terms of his probation, confirming that that avenue of punishment is no longer a viable alternative for him. Defendant's unfortunate upbringing does not excuse his present behavior or diminish the fact that both underlying convictions involved serious and violent incidents. The sentence imposed was within the statutory guidelines (Penal Law § 70.00) and clearly not an abuse of discretion *(see, People v Howland,* 108 AD2d 1019, 1020).

Judgment affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.