■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVOR QQ., Appellant.—Weiss, J. Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered June 28, 1985, which revoked defendant's probation and imposed a sentence of imprisonment.

On March 18, 1985, defendant, then 16 years old, was accorded youthful offender treatment and received a split sentence of 30 days in jail and five years' probation upon his plea of guilty to burglary in the third degree. Thereafter, a declaration of delinquency was filed and on May 31, 1985, the conditions of probation were enlarged to require defendant to attend and successfully complete the Syracuse Teen Challenge

Program (hereinafter program). Defendant entered the program on June 3, 1985, but left on June 10, 1985. A second declaration of delinquency was filed and after a hearing held June 21, 1985, defendant was found guilty and resentenced to an indeterminate term of imprisonment of 1 to 3 years.

On this appeal, defendant maintains that he did not voluntarily leave the program, but was required to do so since he was unable to accept the program's religious requirements. Specifically, defendant testified that a counselor, Michael Delaney, and the program director both advised him that he must first "accept God" as a requisite to remaining in the program. Since defendant was not yet ready to do so, he maintains he was forced out of the program. Delaney, on the other hand, testified that defendant was not interacting in the program. Following inquiry by Delaney into a disruptive incident on June 10, 1985, defendant indicated that he did not want to be involved in the program, and minutes later, packed his bags and left. Delaney denied telling defendant that he would have to leave the program.

On the basis of the foregoing, we find that County Court's determination that defendant left the program of his own volition is supported by a preponderance of the evidence (see, *People v Krzykowski,* 121 AD2d 831). Whether defendant voluntarily left the program or was forced out over religious differences was a credibility matter for the court to resolve.

Finally, inasmuch as defendant twice violated the terms of his probation within a short period of time, we cannot say County Court abused its discretion by imposing a sentence within the statutory guidelines (see, *People v James Z.,* 119 AD2d 941; *People v Howland,* 108 AD2d 1019, 1020).

Judgment affirmed. Kane, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.