■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT T. WARD, Appellant.—Weiss, J.

On January 13, 1983, defendant was sentenced to a term of five years' probation upon his plea of guilty to burglary in the third degree. Approximately two months later, defendant absconded and a warrant was issued for his arrest. Later that year, defendant was convicted in Florida on felony robbery and grand theft charges and was sentenced to a three-year term of imprisonment. In March 1985, defendant was returned to New York and arraigned on the violation of probation. A declaration of delinquency was entered on April 15, 1985. Thereafter, defendant entered a plea of guilty to the charge, and was sentenced to a term of 2 to 6 years' imprisonment.

On this appeal, defendant's sole contention is that the sentence was unduly harsh and excessive. We disagree. Defendant explained that he absconded to Florida in order to avoid charges emanating from an assault incident in February 1983, which charges were ultimately withdrawn. The fact that defendant may have been wrongfully charged, however, does not justify his complete disregard for his probation obligations. Defendant has a lengthy criminal history and the serious transgressions outlined above confirm that he is no longer a viable probation candidate. Under the circumstances, we discern no abuse of discretion on County Court's part in imposing a sentence within the statutory guidelines (see, *People v Trevor QQ.,* 123 AD2d 465; *People v Stanton,* 104 AD2d 707). Moreover, the record confirms that defendant was given ample opportunity to express his position at sentencing.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss, and Levine, JJ., concur.