OPINION OF THE COURT
Donald J. Mark, J.
This is an application by the Probation Department, represented by the District Attorney, pursuant to CPL 410.70, to revoke the defendant’s sentence of probation, upon the ground *1048 that he has violated the condition that he submit himself to mental health counseling.
The defendant was convicted by plea of the crime of attempted sexual abuse, first degree, and was sentenced to probation for a period of five years on October 19, 1984. One of the conditions of the defendant’s probation was that "The defendant should avail himself of any mental health counseling deemed appropriate by Probation and/or the Court.” Sometime in October 1986, the defendant volunteered to his probation officer that he was experiencing a problem with the excessive drinking of alcohol, and thereupon a series of events ensued which resulted in the instant application.
When the defendant made this admission the probation officer directed him to consult with Family Services, a facility which was already treating the defendant for a nonalcoholrelated problem. Between October 1986 and April 1987 the defendant was referred to Norris Clinic, Strong Memorial Hospital and Daybreak. It is conceded that the defendant cooperated with all these referrals and that there was no purported violation of probation until he was accepted into Daybreak’s program. The defendant’s attendance at Daybreak’s sessions were sporadic between May 8, 1987 and June 4, 1987, and he was later terminated from that program due to lack of attendance. A violation of probation was filed on June 17, 1987, the same day the probation officer received notice of the defendant’s termination.
Although the defendant claims he complied with the direction of the probation officer that he seek alcoholism treatment to the best of his ability, the primary thrust of his defense is that the condition of his probation requiring that he submit to mental health counseling did not include alcoholism counseling. The prosecutor responds that the defendant blatantly failed to cooperate with Daybreak and that alcoholism treatment is necessarily incorporated into mental health treatment, so the defendant is in willful violation of this probation term.
The defendant as a basis for his argument quite logically points to Penal Law § 65.10 (2) which differentiates between psychiatric treatment and alcoholic rehabilitation treatment. Paragraph (d) authorizes as a condition of probation that the defendant "Undergo available * * * psychiatric treatment”, and paragraph (e) authorizes as a condition that the defendant *1049 "Participate in an alcohol * * * program”.[1] The flaw in this argument is that the condition of probation referred to "mental health counseling,” and the prosecutor with equal logic points to Diagnostic and Statistical Manual of Mental Disorders §§ 303.90 and 305.00 (3d ed rev), which indicate that alcoholism is included in the generic term, mental health.[2]
There can be no question that the defendant was sentenced to probation with a condition that he submit to mental health counseling because of the nature of the underlying charge for which he was convicted. There can also be no question that there was no intent by this court at the time of sentence that the defendant submit to alcoholism counseling, because alcoholism did not pose a problem for the defendant at that time.
Thus, the issue becomes whether or not the term "mental health counseling” embraces "alcoholic counseling” so that a defendant may be charged with a violation of probation for failing to comply with such a direction from his probation officer.
The case law is helpful in a determination of this issue.
While the cases support a distinction between psychiatric counseling (People v Phillips, 90 AD2d 589) and alcoholic counseling (People v James Z., 119 AD2d 941), and the statute likewise differentiates between the two types of counseling (Penal Law § 65.10 [2] [d], [e]), the term "mental health” would seem broad enough to encompass both types of counseling (Diagnostic and Statistical Manual of Mental Disorders §§ 303.90 [Alcohol Dependence], 305.00 [Alcohol Abuse] [3d ed rev]).[3] A defendant’s voluntary discontinuance of either type of program could be treated as a violation of probation and punished as such (People v Trevor QQ., 123 AD2d 465).
However, the condition of probation alleged to have been violated by the defendant must be specific (People v Phillips, *1050 supra, at 590 [condition directing the defendant to " 'submit to medical/psychiatric evaluation and/or treatment as indicated’ ” in a named facility was not vague]; People v Howland, 108 AD2d 1019, 1020 [condition that defendant was not to " 'abuse the use of alcohol’ ” was likewise sufficiently specific]). Also, the terms of probation must be prescribed by the court and not the probation officer, and a violation of a condition imposed by the latter may not be considered as a violation of probation subject to court sanctions (People ex rel. Perry v Cassidy, 23 AD2d 706).
In this case the condition of probation that the defendant "avail himself of any mental health counseling,” despite that term including alcoholic counseling, was not specific enough to support a violation of probation. It was not contemplated by the court at the time of sentence, and the problem was brought to the attention of the probation officer approximately two years after the date of sentence. The condition was imposed by the probation officer and not the court. By virtue of this predicate the defendant cannot be found guilty of violating his probation.[4]
Therefore, pursuant to CPL 410.20, the conditions of the defendant’s probation are enlarged to provide that the defendant shall not abuse the use of alcohol and that he shall submit himself to any alcoholic counseling as directed by the court/probation officer. The probation officer will prepare the necessary supplemental order of probation and arrange to have the matter placed on the court’s calendar so the defendant may be appropriately resentenced.
Accordingly, the defendant is found not guilty of the violation of the terms and conditions of his probation.

. The doctrine of expressio unius est exclusio altering, which means where a law expressly describes a particular act to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted and excluded (McKinney’s Cons Laws of NY, Book 1, Statutes § 240), comes into play here. According to this interpretation, alcoholic treatment is not incorporated into psychiatric treatment.

. This reasoning is explained further in footnote 3.

. The preamble to Diagnostic and Statistical Manual of Mental Disorders (3d ed rev) recites "this manual provides a classification of mental disorders” (at xxii), so alcohol abuse and alcohol dependence are mental disorders; consequently mental health counseling necessarily includes alcoholism counseling.

. Under the case law, absent a specific condition to avoid the excessive use of alcohol, the defendant could abuse alcohol, and if he complied with a valid condition to seek alcoholic treatment, not be violative of his probation; such a result would obviously be unacceptable.