■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT S. SPENCER, Appellant.—Adjudication unanimously modified on the law by vacating the mandatory surcharge imposed and as modified adjudication affirmed (see, People v Floyd J., 61 NY2d 895; Penal Law § 60.35 [1]; CPL 720.35 [1]). (Appeal from adjudication of Steuben County Court, Finnerty, J.—youthful offender.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.

■ DAVID GORCZYCA et al., Appellants, v STATE FARM FIRE & CASUALTY COMPANY, Respondent.—Order unanimously affirmed without costs for reasons stated in memorandum decision at Special Term, O'Donnell, J. (Appeal from order of Supreme Court, Oneida County, O'Donnell, J.—summary judgment.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. RAHAUISER, Appellant.—Appeal unanimously dismissed (see, People v Moses, 59 NY2d 667, appeal reinstated 60 NY2d 682; People v Hill, 50 NY2d 894; People v Wardlow, 48 NY2d 669). (Appeal from judgment of Oneida County Court, Buckley, J.—driving while intoxicated.) Present—Denman, J. P., Green, Pine and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WRIGHT, Appellant.—Judgment unanimously reversed on the law and information dismissed. Memorandum: A defendant may not waive indictment by a Grand Jury and consent to be prosecuted by a superior court information unless a local criminal court has held the defendant for the action of a Grand Jury (NY Const, art I, § 6; CPL 195.10). Here County Court lacks jurisdiction to proceed on the superior court information even though defendant waived indictment and consented to be prosecuted by a superior court information. City Court reduced the felony charges pending against defendant in that court to a misdemeanor and did not hold defendant for the action of a Grand Jury. (Appeal from judgment of Onondaga County Court, Murray, J.—criminal possession of stolen property, second degree.) Present—Doerr, J. P., Boomer, Green, Lawton and Davis, JJ.