■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL M., Appellant.—Harvey, J. Appeal from a judgment of the Supreme Court (Mugglin, J.), rendered July 24, 1989 in Delaware County, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant pleaded guilty to a charge of sexual abuse in the first degree in April 1988. However, the conviction predicated therein was subsequently vacated and replaced by a youthful offender finding. Defendant was sentenced to 4½ years of probation plus time served. Nonetheless, in January 1989, a violation of probation petition was filed citing several allegations. Defendant pleaded guilty to some of the allegations but Supreme Court decided to permit defendant's sentence of probation to continue with the understanding that any future violations of his probation would result in a revocation of his probation sentence. Nevertheless, another violation of probation petition was filed against defendant on May 1, 1989 alleging that defendant violated certain terms and conditions of his probation. Defendant was convicted of petit larceny in April 1989. Based on these circumstances, Supreme Court revoked probation, readjudicated defendant a youthful offender and sentenced defendant to a term of 1⅓ to 4 years. This appeal followed.

Defendant principally argues that the sentence imposed by Supreme Court was excessive and should be reduced or vacated in the interest of justice. We cannot agree. Nothing on this record convinces us that Supreme Court abused its discretion in imposing sentence (see, People v Salvinski, 156 AD2d 883). To the contrary, the court was more than fair in giving defendant every opportunity to mend his ways and pursue a straight course. Nonetheless, defendant instead chose to repeatedly violate the clear conditions of his probation despite the fact that he was warned as to the consequences of such a

course of action. Accordingly, we decline to disturb defendant's sentence.

With respect to defendant's remaining argument, we agree that Supreme Court erred in imposing a mandatory surcharge of $100 upon defendant, an adjudicated youthful offender (see, People v Floyd, 61 NY2d 895; People v Huertas, 127 AD2d 475). Consequently, the judgment must be modified to the extent that the surcharge must be vacated.

Judgment modified, on the law, by vacating the imposition of the mandatory surcharge of $100, and, as so modified, affirmed. Mahoney, P. J., Kane, Mikoll, Mercure and Harvey, JJ., concur.