■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND CRUZ, Appellant. [645 NYS2d 25] —Judgment, Supreme Court, New York County (Patricia Anne Williams, J.), rendered December 21, 1993, convicting defendant, upon his plea of guilty, of grand larceny in the fourth degree, sentencing him to 5 years' probation and restitution, and imposing a mandatory surcharge pursuant to Penal Law § 60.35, unanimously modified, on the law, the facts, and as a matter of discretion in the interest of justice, to the extent of vacating the sentence and remanding the matter for resentencing.

At the time of plea and sentence, the court appears to have been under the misapprehension that the law did not allow it to adjudicate defendant a youthful offender under CPL article 720 because of the sentence it intended to impose ("a fine, the mandatory surcharge and restitution"). Defendant argues that, but for this interpretation of the law (which was never explicitly articulated), the court would have accorded him youthful offender treatment. This claim seems to be borne out by the record. At various points in the plea and sentence proceedings (and an intervening court appearance as well), the court indicated that youthful offender status was appropriate ("the optimal circumstance" in the court's own words), that it regretted that it could not sentence defendant as a youthful of-

fender, and that it was constrained by law from doing so. The court went so far as to suggest to defense counsel that "there must be some way around" the situation and "urge[d]" counsel "to seek a way out of it." The court further urged counsel to pursue the issue on appeal. These, and similar comments, indicate that the court would have adjudicated defendant a youthful offender but for its belief that it could not do so by law.

However, we decline to adjudicate defendant a youthful offender, as defendant requests, and remand the case instead because, while the court's fundamental desire to do so is abundantly clear, the record is somewhat unclear as to the precise basis of the court's legal construction. If it believed that restitution was the bar to youthful offender status, which the record strongly suggests, then it was mistaken. If it believed that the mandatory surcharge was the bar, which is the People's interpretation, then it was correct (*see, People v Floyd J.*, 61 NY2d 895). Accordingly, the matter is remanded to the sentencing court so as to afford it the opportunity to impose sentence with all the options available to it. Concur—Sullivan, J. P., Milonas, Ross, Tom and Mazzarelli, JJ.