(January 17, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESMOND K. SANDERS, Appellant. [850 NYS2d 255]—

Carpinello, J. Appeal from a judgment of the County Court of Cortland County (Ames, J.), rendered May 9, 2006, (1) upon a verdict convicting defendant of the crime of endangering the welfare of a child, and (2) which revoked defendant's probation and imposed a sentence of imprisonment.

Following a jury trial, defendant, who was on probation for a prior youthful offender adjudication for robbery in the second degree, was found guilty of endangering the welfare of a child stemming from evidence that he had sexual intercourse with a 16-year-old girl (hereinafter the victim) in June 2005. Although he had been charged with other crimes relating to another younger girl and rape in the third degree with respect to the subject victim, he was acquitted of same.* Defendant was thereafter found guilty of violating probation. Sentenced to nine months in jail on the endangering the welfare of a child count and

---

* The rape in the third degree count stemmed from allegations that defendant engaged in sexual intercourse with the victim without her consent. Notably, there was no dispute at trial they had sexual intercourse; the only disputed point was whether it was consensual. The jury obviously did not credit the victim's testimony on this point; hence its acquittal on the rape count.

resentenced to 1 to 3 years in prison on the probation violation, defendant now appeals.

First, we disagree with defendant's assertion that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence. Neither the victim nor defendant, who testified at trial, denied that they had engaged in sexual intercourse during June 2005. It was also undisputed that the victim was only 16 years old when this occurred and that defendant was then 18 years old. From that, it is clear that there is a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury (*see e.g. People v Mateo*, 2 NY3d 383, 409 [2004], *cert denied* 542 US 946 [2004]). Likewise, given this undisputed proof, the verdict was not against the weight of the evidence (*see e.g. People v Bleakley*, 69 NY2d 490, 495 [1987]).

Next, to the extent that defendant seeks reversal on the ground that the verdict acquitting him of rape in the third degree is inconsistent with the verdict finding him guilty of endangering the welfare of a child, we note that this precise argument has not been preserved for review (*see* CPL 310.50; *People v Sullivan*, 41 AD3d 967, 968-969 [2007], *lv denied* 9 NY3d 926 [2007]; *People v Baker*, 24 AD3d 810 [2005]). In any event, were we to consider it, we would find it to be without merit since, as charged to the jury, the rape count required a finding of nonconsensual sexual intercourse whereas the endangering the welfare of a child count required only a finding of sexual intercourse (*see People v Baker, supra; compare People v Franco*, 11 AD3d 710 [2004]; *People v Crane*, 242 AD2d 783 [1997]). Here, the jury obviously found that defendant and the victim had engaged in consensual sexual intercourse; thus, the verdicts are not inconsistent.

As a final matter, given defendant's already lengthy criminal history despite his young age, we find no abuse of discretion or extraordinary circumstances warranting a reduction in the sentence for the probation violation (*see People v Potter*, 6 AD3d 813, 814 [2004]; *People v Michael M.*, 161 AD2d 911, 911-912 [1990]; *People v Trevor QQ.*, 123 AD2d 465 [1986]; *People v James Z.*, 119 AD2d 941 [1986]).

Cardona, P.J., Spain, Kane and Malone, JJ., concur. Ordered that the judgment is affirmed.

