■ LEWIS PALMER, JR., Respondent, v HAROLD E. ROUSE, JR., et al., Defendants, and COUNTY OF GREENE et al., Appellants. [603 NYS2d 628] —Mahoney, J. Appeal from an order of the Supreme Court (Connor, J.), entered August 17, 1992 in Greene County, which, *inter alia,* denied the motions by defendants Val Fede and County of Greene for summary judgment dismissing the complaint against them.

In May 1989, plaintiff sustained personal injuries when an automobile in which he was a passenger collided with a farm tractor operated by defendant Harold E. Rouse, Jr. and owned

by defendant Val Fede while traveling on County Route 67 in the Town of Cairo, Greene County. Thereafter, plaintiff commenced this action against, among others, the County of Greene and Fede alleging "negligent construction, maintenance, use and control" of Route 67 against the County and seeking recovery against Fede, as the tractor's owner, pursuant to Vehicle and Traffic Law § 388 (1). After joinder of issue and the completion of discovery, Fede moved for summary judgment dismissing the complaint against him, arguing that because his tractor was "used exclusively for agricultural purposes" (Vehicle and Traffic Law § 388 [2]) he was immune from liability under Vehicle and Traffic Law § 388 (1). The County also moved for summary judgment, arguing that plaintiff failed to comply with the provisions of the County's prior written notice ordinance. Plaintiff opposed both motions.

Supreme Court denied the County's motion finding, *inter alia,* that a material question of fact existed concerning whether the County had constructive notice of plaintiff's claimed defects on Route 67. The court also found that a material question of fact existed as to whether Fede's tractor was "used exclusively for agricultural purposes" within the meaning of Vehicle and Traffic Law § 388 (2) and, accordingly, denied Fede's motion as well. Both Fede and the County appeal.

Turning first to the merits of Fede's motion, he argues essentially that whether his tractor was "used exclusively for agricultural purposes" is a legal question and that Supreme Court erred in holding otherwise. We disagree. While Vehicle and Traffic Law § 388 (1) "imposes vicarious liability on vehicle owners for the negligence of anyone using or operating their vehicles with permission" *(Fried v Seippel,* 80 NY2d 32, 39; *see, Morris v Snappy Car Rental,* 189 AD2d 115, *lv granted* 193 AD2d 1148), no such liability attaches to "tractors used exclusively for agricultural purposes" (Vehicle and Traffic Law § 388 [2]). Here, to establish his prima facie showing of entitlement to judgment as a matter of law, Fede submitted, *inter alia,* the deposition of Rouse. Rouse testified that Fede was the tractor's owner and used it for farm purposes. Rouse also stated, however, that he himself used the tractor for personal purposes in retrieving sand from a sand bank on his property and selling it to customers for $1 or $2 per yard, and, further, that the accident occurred as he was returning to his barn after retrieving and loading sand for a third party. In view of this, it cannot be said that Fede has satisfied his

burden of proving, as a matter of law, that the tractor was used *exclusively* for agricultural purposes.

With regard to the County's motion, however, we agree with its assertion that Supreme Court improperly construed the prior written notice statute as limited to snow and ice conditions. Reading the ordinance as a whole there can be little doubt that it contemplates prior notice concerning not only snow and ice conditions, but any out-of-repair, unsafe or dangerous condition or obstruction on a County highway. It being evident from a review of the record that the County did not receive prior written notice and plaintiff's opposition papers being insufficient to raise any triable issue of fact regarding the County's constructive notice, the County is entitled to summary judgment with respect to those theories of liability predicated upon its alleged negligent maintenance or repair of Route 67 *(see, Merchant v Town of Halfmoon,* 194 AD2d 1031; *Horton v City of Schenectady,* 177 AD2d 823; *Rogers v County of Saratoga,* 144 AD2d 731). Nonetheless, inasmuch as plaintiff's amended complaint and bill of particulars allege affirmative acts of negligence on behalf of the County relative to Route 67, namely negligent design, construction and signing for which prior notice is not required *(see, e.g., Merchant v Town of Halfmoon, supra; Horton v City of Schenectady, supra),* summary judgment is not appropriate as to these theories of liability.

Weiss, P. J., Mercure, Cardona and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that portion of the motion by defendant County of Greene seeking dismissal of any claims based upon the failure to maintain or repair the roadway; motion granted to that extent, partial summary judgment awarded to defendant County of Greene and said claims dismissed; and, as so modified, affirmed.