■ LEWIS PALMER, JR., Respondent, v HAROLD E. ROUSE, JR., et al., Defendants, and VAL FEDE et al., Appellants. [649 NYS2d 76] —Casey, J. Appeal from an amended judgment of the Supreme Court (Connor, J.), entered November 30, 1994 in Greene County, upon a verdict rendered in favor of plaintiff against defendants William Palmer, Harold E. Rouse, Jr. and Val Fede on the issue of liability.

Seeking to recover damages for injuries sustained in a collision between an automobile and a farm tractor on County Route 67 in the Town of Cairo, Greene County, plaintiff commenced this action against the owner/operator of the automobile, defendant William Palmer, the operator of the tractor, defendant Harold E. Rouse, Jr., the owner of the tractor, defendant Val Fede, and defendant County of Greene. After issue was joined, Fede's motion for summary judgment was denied and the County's motion for summary judgment was granted in part (*see, Palmer v Rouse*, 198 AD2d 629). The matter proceeded to trial on the liability issue, which resulted in a jury verdict in favor of plaintiff against the individual defendants; the County was found not negligent on the remaining claim against it. Fault was apportioned at 50% each against Palmer and Rouse, and Fede was held vicariously liable for Rouse's share as owner of the tractor. Palmer and Fede appeal from the amended judgment entered on the verdict.

Fede's appeal focuses on the provision of Vehicle and Traffic Law § 388 (2) which excepts "tractors used exclusively for agricultural purposes" from those vehicles subject to the vicarious liability imposed by Vehicle and Traffic Law § 388 (1). There is undisputed evidence in the record that Rouse, who had exclusive possession of the tractor prior to the accident, used the tractor in the operation of his farm. Rouse also conceded, however, that he occasionally used the tractor to excavate sand from his land which he sold to others for about $1 per yard. The accident occurred as he was returning to his barn after excavating and loading sand for a customer.

Fede argues that Rouse's occasional excavation of sand should be considered as part of his use of the tractor for agricultural purposes and if not an agricultural purpose, the infrequent excavation of sand should not preclude application of the exception because the primary or predominant use of the tractor was for agricultural purposes. We are of the view that both arguments were effectively rejected by this Court on Fede's appeal from the denial of his motion for summary judgment (*Palmer v Rouse, supra,* at 630-631).

Fede also argues that Supreme Court erred in instructing the jury regarding the meaning of the phrase "exclusively for agricultural purposes" in Vehicle and Traffic Law § 388. Supreme Court's use of the dictionary definition of exclusively is clearly consistent with the common, ordinary meaning adopted by this Court in the prior appeal (*Palmer v Rouse, supra,* at 630-631). Fede urges a broad interpretation of the statutory phrase, which would consider only the primary, dominant or principal use and ignore "incidental" uses. Such an expansive reading of the exception is, in our view, inconsistent with the settled purpose of Vehicle and Traffic Law § 388, which is to protect innocent victims of automobile accidents by assuring that there is a financially responsible person who is available to answer in damages (*see, Fried v Seippel,* 80 NY2d 32, 41). The owner of a farm tractor which is not used exclusively for agricultural purposes is neither exempt from the obligation to maintain adequate insurance (*see,* Vehicle and Traffic Law § 125) nor excepted from the vicarious liability imposed by Vehicle and Traffic Law § 388. Thus, there exists the "linkage of an owner's vicarious liability to an owner's obligation to maintain adequate insurance coverage" recognized by the Court in *Fried v Seippel* (*supra,* at 41). Fede's reliance on cases such as those involving tax exemptions for real property used exclusively for religious purposes is misplaced, for in contrast to those cases the literal interpretation applied

by Supreme Court herein does not defeat the legislative purpose of the statute.

Fede's remaining argument, that Supreme Court erred in admitting evidence that Fede had used the tractor for excavating purposes some five years after the accident, has merit. The evidence was clearly irrelevant to the question of whether the tractor was being used exclusively for agricultural purposes during the relevant time period leading up to the occurrence of the accident. We conclude, however, that the error was harmless. There was ample evidence in the record regarding the agreement as to possession and use of the tractor between Fede and Rouse when the tractor was purchased and as to the actual uses to which the tractor was put by Rouse during the next six weeks leading up to the accident. In these circumstances, the brief mention of the excavation work done some five years later, after possession of the tractor had been transferred to Fede, was not likely to have had a substantial influence on the jury's finding (see, *Warner v Village of Chatham*, 194 AD2d 980, 982).

Turning to Palmer's appeal, we reject his argument regarding the legal sufficiency of the evidence on the issue of his negligence. There is evidence that although Palmer saw the tractor approaching in the opposite lane of travel, his attention was momentarily diverted and when he returned his attention to the tractor and saw the bucket move toward him, he neither applied the brakes nor took any evasive action to avoid the collision. The question of whether Palmer was negligent in the operation of his vehicle between the time he first observed the tractor and the collision is one of fact for the jury to resolve (see, *Ayotte v Gervasio*, 186 AD2d 963, 964, *affd* 81 NY2d 1062).

Because the issue of Palmer's negligence is dependent upon the reasonableness of his response to the danger created when part of the tractor's bucket crossed the center of the road into Palmer's lane of travel as Rouse prepared to make a left-hand turn, we agree with Palmer that he was entitled to a charge regarding the standard of care in an emergency situation (see, PJI 2:14 [1996 Supp]). "If, under some reasonable view of the evidence, an actor was confronted by a sudden and unforeseen occurrence not of the actor's own making, then the reasonableness of the conduct in the face of the emergency is for the jury, which should be appropriately instructed" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327). Where a defendant driver should reasonably have anticipated and been prepared to deal with the situation with which he or she was confronted, an emergency instruction is inappropriate (see, *Pincus v Cohen*, 198 AD2d 405, 406).

Here, there is evidence that Palmer had ample opportunity to observe the tractor as it approached in the opposite lane of travel, but Palmer was not required to anticipate that the tractor would attempt to turn in front of him (*see, Bochnak v Mackes*, 159 AD2d 882, 883, *lv denied* 76 NY2d 706; *Tenenbaum v Martin*, 131 AD2d 660). The evidence in the record presents a question of fact as to whether Palmer had sufficient time and distance after a portion of the tractor bucket entered his lane of travel for a reasonably prudent driver to take evasive action which would have avoided the collision. If not, the emergency doctrine would absolve Palmer of liability (*see, e.g., Gouchie v Gill*, 198 AD2d 862). If so, however, the emergency doctrine would be inapplicable, for the danger created by part of the bucket crossing into Palmer's lane of traffic would not be a sudden condition. In these circumstances, it was for the jury to decide whether the emergency doctrine applied to insulate Palmer from liability (*see, Declet v Ramos*, 155 AD2d 512) and, therefore, Palmer's request for a charge on the standard of care in an emergency situation should have been granted.

Supreme Court also erred in its instructions regarding certain provisions of the Vehicle and Traffic Law pertaining to a driver's obligation to keep to the right. Despite Palmer's objection based upon the absence of any evidence that he had violated the statutory provisions, Supreme Court charged that the provisions "may be applicable to one or more of the parties that are part of this lawsuit". It was error for the court to permit the jury to find that Palmer violated provisions of the Vehicle and Traffic Law in the absence of any evidence that he did in fact violate those provisions (*see, Marigliano v City of New York*, 196 AD2d 533, 536).

Supreme Court's errors in refusing to charge the emergency doctrine and in permitting the jury to speculate regarding Palmer's violation of certain provisions of the Vehicle and Traffic Law are not harmless because they could have adversely affected the jury's findings on the liability issue (*see, Krembs v Wetherbee*, 205 AD2d 917). The appropriate remedy is a new trial limited solely to the question of whether Palmer is liable and, if so, the percentage of his liability in proportion to Rouse's liability.

Crew III, J. P., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the amended judgment is modified, on the law, without costs, by reversing so much thereof as imposed liability on defendant William Palmer; matter remitted to the Supreme Court for a new trial in accordance with this Court's decision; and, as so modified, affirmed.