■ KEVIN ROTH et al., Appellants, v JANEANN HAGGERTY, Respondent. [705 NYS2d 916] —Judgment unanimously reversed on the law with costs and new trial granted. Memorandum: Supreme Court erred in refusing plaintiffs' request for a jury instruction on Vehicle and Traffic Law §§ 1146 and 1211. Kevin Roth (plaintiff) was injured when defendant backed her vehicle from her driveway onto the roadway and pinned plaintiff's

hand between the back of defendant's vehicle and a backhoe. Plaintiff, who was serving as a flagperson to guide traffic around the backhoe, had instructed defendant to pull her vehicle forward and to turn the wheels on her vehicle so that she could back into a driveway on the opposite side of the road. The evidence at trial raised issues of fact whether defendant violated those sections of the Vehicle and Traffic Law, i.e., whether defendant exercised due care, including "giv[ing] warning by sounding the horn" (Vehicle and Traffic Law § 1146) and determined that plaintiff was out of harm's way before backing her vehicle from the driveway (*see,* Vehicle and Traffic Law § 1211). Because the failure to instruct the jury as requested could have affected the jury's determination of liability, reversal is required (*see, Palmer v Rouse,* 232 AD2d 909, 912).

We reject the contention of plaintiffs that attorney misconduct deprived them of a fair trial (*cf., Poole v Consolidated Rail Corp.,* 80 NY2d 184, 198, *rearg denied* 81 NY2d 835, *cert denied* 510 US 816, *rearg dismissed* 82 NY2d 921) or that the court erred in denying their posttrial motion for judgment notwithstanding the verdict or for a new trial on the ground that the verdict was contrary to the weight of the evidence (*see, Manna v Hubbard,* 254 AD2d 693). (Appeal from Judgment of Supreme Court, Erie County, O'Donnell, J.—Negligence.) Present—Hayes, J. P., Wisner, Hurlbutt and Kehoe, JJ.