OPINION OF THE COURT
James P. Dollard, J.
The defendants move and the plaintiff cross-moves for summary judgment in this action for the wrongful death and pain and suffering of the decedent Peter Vasquez. The defendants’ motion is grounded on the claim that the action is barred by the statute of limitations.
The decedent died on October 5, 1993 as a result of an automobile accident on that date in which he was a passenger in a car operated by defendant Robert J. Wood which was owned by the corporate defendant and had been rented to Robert J. Wood’s father. As a result of the accident Robert J. Wood was convicted of the crime of criminally negligent homicide.
The decedent’s son Peter J. Vasquez II was born after his father’s death and is his sole distributee, his mother Paola Vasquez not having been married to his father.
Initially the decedent’s mother, Milagros Freere, applied for letters of administration but her application was denied by the Surrogate’s Court. Thereafter, on February 3, 1997 that court determined that Peter Vasquez II was the child and sole distributee of the decedent. The plaintiff’s mother commenced the instant action by filing a summons and complaint on August 19, 1998, but guardianship papers were not issued to her until May 19, 1999 and letters of administration until August 19, 1999.
First, addressing the wrongful death cause of action, the limitations period normally is two years from the date of death (EPTL 5-4.1). Where, however, the sole distributee is an infant, since no one is eligible to receive letters of administration until such time as a guardian is appointed, CPLR 208 tolls the statute until the earliest moment there is a personal representative or potential personal representative who can bring the action, whether by the appointment of a guardian or majority of the distributee, whichever occurs first. (Hernandez v New York *429 City Health & Hosps. Corp., 78 NY2d 687; Matter of Boles v Sheehan Mem. Hosp., 265 AD2d 910). In the present case the action was commenced during the time the statute was tolled and therefore was not time barred. This motion, however, searches the record and since it is clear the complaint is jurisdictionally defective in that plaintiff was not at the time it was served an appropriate person to commence the action, the cause of action for wrongful death must be dismissed (Bernardez v City of New York, 100 AD2d 798), such dismissal being without prejudice to the commencement of a new action based on the same transaction or occurrence pursuant to CPLR 205 (a) within six months after service of a copy of the order on plaintiff (Bernardez, supra).
The personal injury cause of action also must be dismissed as jurisdictionally defective. CPLR 208 is inapplicable since that cause of action is personal to the decedent (see, Matter of Hidalgo v New York City Health & Hosps. Corp., 210 AD2d 481). Accordingly, unless the action was commenced within the applicable limitations period, CPLR 205 (a) is unavailable. Defendants contend that the applicable period is three years from the date of the accident pursuant to CPLR 214 which had expired prior to the commencement of the action. Plaintiff claims the applicable period is seven years pursuant to CPLR 213-b. So far as applicable, that section provides that notwithstanding any other limitation set forth in article 2 of the CPLR or in article 5 of the EPTL an action by the representative of a crime victim may be commenced to recover damages from a defendant convicted of a crime, which is the subject of such action, for any injury or loss resulting therefrom within seven years of the date of the crime.
Plaintiff contends that Robert Wood was convicted of the crime of criminally negligent homicide, which crime is the subject of the action. Defendants initially objected to plaintiffs proof of the conviction as not being certified. The court set the matter down for a hearing on the issue, at which hearing plaintiff offered a certificate of disposition certified by the County Clerk and bearing the raised seal of that office. The certificate states that on November 18, 1993, the defendant Robert Wood was convicted of the crime of Vehicle and Traffic Law § 1192 (2) (driving while intoxicated per se, a misdemeanor) and of criminally negligent homicide (a felony). The defendants’ counsel then conceded on the record that the defendant Robert J. Wood was convicted of a crime which is the subject of the action. Criminally negligent homicide, in es *430 sence, involves the failure to perceive the risk of awareness in which the offender has a legal duty of awareness (People v Haney, 30 NY2d 328). It is not an intent crime (People v Duncan, 83 Misc 2d 608, affd 55 AD2d 690). The transcript of the deposition of Robert Wood taken in the instant case was submitted with the motion papers. Mr. Wood testified that on October 5, 1993 he was driving a 1993 Toyota rented from the defendant at 50 to 60 miles per hour in Queens Plaza, after having consumed a considerable amount of alcohol, when he swerved to avoid a sawhorse in the road causing the car to roll over several times, as a result of which the decedent Peter Vasquez was killed. That transcript together with the certificate of disposition and the concession of defendants’ attorney is sufficient to demonstrate that the seven-year limitation period of CPLR 213-b is applicable to Robert Wood. Defendants contend, however, that it should not be applicable to the codefendant owner of the vehicle which was not convicted of the crime.
The issue of the applicability of CPLR 213-b to section 388 of the Vehicle and Traffic Law appears to be one of first impression.
“CPLR 213-b was intended to be expansive, and to reach the victims of crimes committed in New York * * *” (Elkin v Cassarino, 248 AD2d 35, 39). It has been held that negligence for the purpose of section 388 of the Vehicle and Traffic Law, which provides that negligence in the use or operation of a motor vehicle may be attributed to its owner if it is being operated with the owner’s permission and consent, includes gross negligence and reckless acts (Lynch-Fina v Paredes, 164 Misc 2d 963). The settled purpose of section 388 is to protect innocent victims of automobile accidents by assuring that there is a financially responsible person to answer in damages (Palmer v Rouse, 232 AD2d 909). “[T]here exists the ‘linkage of the owner’s vicarious liability to an owner’s obligation to maintain adequate insurance coverage’ recognized by the Court in Fried v Seippel [80 NY2d 41]” (Palmer v Rouse, supra at 910). Although in a different context, the Appellate Division, Second Department, has stated that where a driver operates a vehicle with the permission of the owner, the two are united in interest, the owner being vicariously liable for the negligence of the driver, such liability, however, being limited to compensatory damages and not punitive damages (Poulard v Papamihlopoulos, 254 AD2d 266).
It is the opinion of this court, taking into account the settled purpose of section 388 of the Vehicle and Traffic Law to *431 protect innocent victims of automobile accidents as well as the expansive intent of CPLR 213-b to reach the victims of all crimes that occur in New York, that the seven-year limitation period should apply to the vicariously liable owner in this case.
Accordingly the dismissal of the personal injury cause of action against both defendants is without prejudice to the commencement of a new action based on the same transaction or occurrence pursuant to CPLR 205 (a) within six months of the date of service of a copy of the order (see, Mingone v State of New York, 100 AD2d 897).
Plaintiffs motion for summary judgment is denied as moot.