OPINION OF THE COURT
Joan B. Lefkowitz, J.
*1044 Defendant moves to dismiss the complaint as time-barred and the motion raises interesting issues revolving around the crime victim limitations statute (CPLR 213-b).
Plaintiff was assaulted by defendant on June 10, 1998. Defendant was charged with assault in the third degree, a class A misdemeanor. (Penal Law § 120.00.) On November 4, 1999, defendant pleaded guilty to the crime of attempted assault. This action for damages for the intentional torts of battery and intentional infliction of emotional distress was commenced on June 10, 2005. Defendant moves to dismiss the complaint on the ground that the one-year statute of limitations for intentional torts (CPLR 215 [3]) bars the action. Plaintiff argues that the action is timely under the seven-year statute pertaining to crime victims. (CPLR 213-b.)
CPLR 213-b provides in pertinent part:
“Notwithstanding any other limitation set forth in this article ... an action by a crime victim . . . may be commenced to recover damages from a defendant: (1) convicted of a crime which is the subject of such action, for any injury or loss resulting therefrom within seven years of the date of the crime
Defendant argues that plaintiff’s complaint does not fall within the ambit of CPLR 213-b (1) as the claims asserted do not relate to the crime for which he was convicted, attempted assault. However, CPLR 213-b being a procedural statute is to be liberally construed. (McKinney’s Cons Laws of NY, Book 1, Statutes § 325.) Its purpose, to extend the time a crime victim has to pursue a defendant responsible for the crime, is designed to provide a meaningful remedy to the victim and the statute should, therefore, be read expansively. (Elkin v Cassarino, 248 AD2d 35 [2d Dept 1998]; Vasquez v Wood, 190 Misc 2d 427 [Sup Ct, Queens County 2001].)
Research discloses that the benefit of CPLR 213-b has been denied only in those cases where there was no causal connection between the crime for which defendant was convicted and the damages sought. (Respass v Dean, 7 AD3d 503 [2d Dept 2004]; Boice v Burnett, 245 AD2d 980 [3d Dept 1997].) At bar, however, it is clear that a causal nexus exists between the crime charged, the conviction and plaintiffs causes of action.
Accordingly, the court holds that a conviction for an attempt to commit an assault falls within the intended reach of CPLR 213-b (1) and the civil remedy is not limited to an action for *1045 such an attempt; rather, compensation may be sought for the underlying crime charged where, as here, the factual predicate is the same for both the crime charged and the conviction. Therefore, the motion to dismiss the complaint as time-barred is denied.