# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

100
CA 12-01292
PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, VALENTINO, AND MARTOCHE, JJ.

---

LORI DUFFEL, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

CITY OF SYRACUSE, DEFENDANT-APPELLANT.

---

MARY ANNE DOHERTY, CORPORATION COUNSEL, SYRACUSE (AIMEE PAQUETTE OF COUNSEL), FOR DEFENDANT-APPELLANT.

GREENE & REID, PLLC, SYRACUSE (JAMES T. SNYDER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (John C. Cherundolo, A.J.), entered May 9, 2012.  The order denied the motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum:  Plaintiff commenced this action seeking damages for injuries that she allegedly sustained when she tripped and fell on the edge of a tree grate that had sunk or collapsed below ½-inch from the surrounding sidewalk.  Defendant moved for summary judgment dismissing the complaint on the ground that the tree grate was part of the sidewalk and the prior written notice of the defect required by Syracuse City Charter § 8-115 was not provided.  We conclude that Supreme Court erred in denying the motion.  Defendant met its initial burden by establishing that the tree grate was part of the sidewalk for purposes of the prior written notice requirement (*see Hall v City of Syracuse*, 275 AD2d 1022, 1023), and that it did not have prior written notice of the alleged defect.  Plaintiff failed to raise an issue of fact whether either exception to the prior written notice rule applies (*see Yarborough v City of New York*, 10 NY3d 726, 728).  Specifically, plaintiff failed to raise an issue of fact whether the special use exception to the prior written notice requirement applies (*see Poirier v City of Schenectady*, 85 NY2d 310, 315), or whether defendant affirmatively created the allegedly dangerous condition by an act of negligence (*see Yarborough*, 10 NY3d at 728).  Plaintiff failed to present any evidence of negligent design or construction (*cf. Palmer v Rouse*, 198 AD2d 629, 631), and also presented no evidence that defendant repaired the tree grate at any time after its installation, or that the depression was present immediately after installation of the tree grate (*see Oboler v City of New York*, 8 NY3d

888, 889).

Frances E. Cafarell
Clerk of the Court