■ EUGENE BOICE et al., Appellants, v FRANCIS J. BURNETT, Respondent. [667 NYS2d 100] —Yesawich Jr., J. Appeals (1) from an order of the Supreme Court (Teresi, J.), entered September 10, 1996 in Albany County, which granted defendant's motion to dismiss the complaint for, *inter alia*, failure to state a cause of action, and (2) from an order of said court, entered December 6, 1996 in Albany County, which denied plaintiffs' motion for reconsideration.

An investigation conducted by the office of the State Inspector General and the Attorney-General disclosed that defendant, in the course of his work for Unisys Corporation, had submitted and received payment in connection with false expense vouchers. Some of these vouchers listed expenditures allegedly incurred while dining with or entertaining clients, when in fact these activities had not occurred. Further investigation revealed that defendant had neglected to report reimbursement of those "expenses"—for which he had been repaid by Unisys—as income on his State income tax returns, and had also claimed them as business-related deductions from his taxable income. In 1994, defendant pleaded guilty to having substantially understated his tax liability for the year 1989, in violation of Tax Law § 1804 (b), and was sentenced accordingly.

Plaintiffs, employees of a State agency that had purchased computer equipment from Unisys, were falsely named in a number of defendant's vouchers as the beneficiaries of meals and entertainment which, as noted, had never actually been provided. On May 13, 1996, plaintiffs commenced this defamation action, in which they contend that defendant, by submitting the vouchers to Unisys (which in turn released them to the State's Inspector General), damaged their professional reputations by publishing false statements indicating that they had engaged in illegal or unethical conduct. Defendant moved for dismissal of the complaint as, *inter alia*, barred by the Statute of Limitations. Supreme Court, rejecting plaintiffs' contention that CPLR 213-b affords them seven years from the date of defendant's crime to assert their claim, granted the motion. Plaintiffs appeal from that order, as well as from a subsequent order denying their application to renew and reargue.

We affirm. The seven-year limitations period set forth in CPLR 213-b can be invoked when (1) the plaintiff is a crime victim, (2) the defendant has been convicted of a crime, (3) the defendant's crime is the subject of the civil action, and (4) the plaintiff's injury resulted from that crime (CPLR 213-b). Here, it is not disputed that the only crime of which defendant has been convicted is income tax fraud. Plaintiffs sustained no direct injury to their persons or property as a result of that crime, or the actions upon which defendant's conviction was predicated—namely, his intentional misrepresentation of critical facts on his income tax returns—and hence cannot be considered "victims" of his crime (*cf.*, CPL 440.50 [2]).

Moreover, the misrepresentations made by defendant on his tax return do not form the basis of plaintiffs' defamation ac-

tion. Nor is there any causal connection between the crime and the injuries for which plaintiffs now seek compensation, for those injuries resulted not from the false statements contained in defendant's tax return, but from his entirely separate and distinct act of completing the false vouchers; simply put, there was no relationship between the two acts of wrongdoing. And, plaintiffs' reliance on authority interpreting CPLR 215 (8) is misplaced, for CPLR 213-b, unlike the former rule, is by its express terms limited to actions brought by the victims of the particular crime of which the defendant was convicted (*compare*, *Clemens v Nealon*, 202 AD2d 747, 749).

The remaining arguments advanced by plaintiffs, including that challenging the propriety of Supreme Court's denial of their motion to renew, have been considered and found meritless.

Mikoll, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the orders are affirmed, with costs.