[680 NYS2d 601]

MICHELLE ELKIN, Respondent, v ROCCO CASSARINO, Appellant.

Second Department, November 16, 1998

**APPEARANCES OF COUNSEL**

*Domenick Napoletano,* Brooklyn, for appellant.

*Flamhaft Levy Kamins & Hirsch,* Brooklyn (*Harold L. Levy* of counsel), for respondent.

**OPINION OF THE COURT**

FLORIO, J.

■■ On this appeal we consider for the first time the issue of whether the one-year Statute of Limitations under CPLR 215 for intentional torts can be tolled by CPLR 213-b under the circumstances presented here. Because we conclude that it can, we find that the instant proceeding was timely commenced. Furthermore, upon examining the record, we also conclude that the plaintiff's motion for summary judgment on the issue of liability was properly granted.

On October 10, 1991, the plaintiff Michelle Elkin was attacked and robbed by accomplices of the defendant, Rocco Cassarino. The following day the defendant assisted in selling the plaintiff's stolen jewelry. The defendant was apprehended in November 1994, and in September 1996, after a jury trial in the United States District Court for the Eastern District of New York, he was convicted, in connection with the robbery, of conspiring to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, by robbery, as well as knowingly and intentionally obstructing, delaying, and affecting commerce, by robbery, in violation of 18 USC § 1951. The evidence at the Federal trial established that the defendant's accomplices beat and punched the plaintiff and stole a quantity of jewelry from her. At his Federal trial, the

defendant's accomplices testified that the robbery was entirely the defendant's idea. He had planned the crime, recruited them to commit it, provided the weapons for it, and assisted them in selling the stolen jewelry. The defendant was sentenced in February 1997 and is presently serving a term of 108 months in Federal custody.

In November 1996 the plaintiff commenced this action within the time period provided for in CPLR 215 (8), seeking to recover damages for assault and conversion in connection with the defendant's actions in the robbery. In December 1996 the defendant responded by moving to dismiss the complaint on the ground that the plaintiff could not use the tolling period set forth in CPLR 215 (8). He contended that CPLR 215 (8) does not apply to criminal actions commenced in the Federal courts, but only to criminal actions commenced in a New York State "criminal court".

In January 1997 the plaintiff cross-moved to amend her complaint, so as to add CPLR 213-b as an additional basis to toll the relevant Statute of Limitations. Additionally, she cross-moved for summary judgment on the issue of liability, contending that her causes of action to recover damages for assault and conversion arose out of the same event and occurrence as formed the basis of the defendant's Federal criminal convictions. Thus, the defendant has no defense to this action, and there are no triable issues of fact. Therefore, based on the doctrine of collateral estoppel, the plaintiff is entitled to judgment on the issue of liability.

In opposition to the cross motion, the defendant maintained that the plaintiff was not entitled to rely upon CPLR 213-b to extend her time to commence this action. He argued, as he did in his main motion, that this section is not applicable to criminal actions prosecuted in Federal courts. He argued that, as with CPLR 215 (8), CPLR 213-b also does not apply because the Legislature intended that the statute apply only where the defendant was convicted in a New York State court of a crime defined by the laws of New York, and not where, as here, the defendant was convicted of a Federal offense in a Federal court.

The Supreme Court, in a very terse decision, denied the defendant's motion to dismiss the complaint as untimely, and granted the plaintiff's cross motion for summary judgment on the issue of liability, also impliedly granting her application to amend her complaint so as to add the allegation that CPLR 213-b is applicable to this action. On appeal, the defendant argues that this was error. We disagree.

CPLR 213-b, entitled "Action by a victim of a criminal offense", is applicable to civil actions commenced on or after July 24, 1992 (L 1992, ch 618). It provides: "Notwithstanding any other limitation set forth in this article or in article five of the [EPTL], an action by a crime victim, or the representative of a crime victim, as defined in subdivision six of section six hundred twenty-one of the executive law, may be commenced to recover damages from a defendant convicted of a crime which is the subject of such action, for any injury or loss resulting therefrom within seven years of the date of the crime" (CPLR 213-b).

Contrary to the defendant's contention, CPLR 213-b does not expressly or impliedly mandate that the "crime" in question be a conviction in a New York State Court, or one defined by the laws of the State of New York. It does not specifically define "crime", does not limit the crimes to which it is applicable, and does not limit the term "crime victim".

Nor is there any basis, as the defendant argues, for importing the definition of "crime" as defined in Executive Law § 632-a (1) (a), merely because that law, which limits "crime" to felonies defined in the Penal Law or other laws of New York State, was enacted simultaneously with CPLR 213-b. The two statutes serve two totally different purposes. Executive Law § 632-a (1) (a) is part of the statute setting forth which crimes, and under what circumstances, New York State may provide some monetary compensation to, *inter alia,* crime victims. There, by reference to the Penal Law, the Legislature specifically limited and defined the crimes for which New York would recompense the injuries and losses suffered by certain of its citizens. Such a limitation on expenditures from the public fisc is eminently practical and sensible.

In contrast, in enacting CPLR 213-b, which does not require the expenditure of public funds, the Legislature did not add such a definition, nor did it refer to the Penal Law or the aforementioned section of the Executive Law. Clearly, the Legislature could have expressly made reference to Executive Law § 632-a (1) (a), if it had so wanted to define "crime" (*see, Matter of Jamie D.,* 59 NY2d 589). Since it did not do so, it follows that the terms "crime" and "crime victim" were not intended to be restricted as they are in the Executive Law.

Moreover, appellate courts in this State have often found that a broad interpretation of a statute is warranted in order to conform to the legislative intent in enactment thereof. Thus, in *People v Hodges* (246 AD2d 824), the Appellate Division,

Third Department, interpreted Penal Law § 170.25 broadly to conform to the Legislature's intentions. In contrast, in *Palmer v Rouse* (232 AD2d 909), that same Court refused to use a broad interpretation of Vehicle and Traffic Law § 388, finding such an interpretation would defeat the legislative purpose of the statute. Additionally, in *Carlone v Adduci* (222 AD2d 754, 756), the Third Department again stated that the courts are to interpret statutes "in light of the statutory purpose in enacting" the specific legislation.

This interpretation of the legislative intent is also bolstered by the legislative history contained in the Bill Jacket accompanying the enactment of CPLR 213-b. In examining that legislative history, we note first that according to Emanuel R. Gold, then the Deputy Minority Leader, in writing to the Honorable Elizabeth D. Moore, then counsel to former Governor Cuomo, the purpose of CPLR 213-b was to ensure that "all crime victims receive compensation for injuries suffered as a result of the crime" (Bill Jacket, L 1992, ch 618, at 10).

Our conclusion, that the Legislature did not intend to limit the definition of "crime" in CPLR 213-b so as to exclude all crimes other than those specifically enumerated and defined by the laws of this State, is further bolstered by the Memorandum of Approval by former Governor Cuomo. In it he stated that the purpose of CPLR 213-b was to permit "all victims of intentional torts arising from the commission of a crime to bring civil proceedings against perpetrators, as a first step towards implementing our objective of compensating victims for their wrongs suffered" (Governor's Mem of Approval, 1992 McKinney's Cons Laws of NY, at 2903). Moreover, a memorandum by the former Attorney-General, Robert Abrams, stated that CPLR 213-b was a "major extension" of the Statute of Limitations and was designed to "significantly enhance the rights of crime victims" to recover damages (Abrams, Mem to Governor, Bill Jacket, L 1992, ch 618, at 23).

Thus, it is clear from the legislative history that CPLR 213-b was intended to be expansive, and to reach the victims of crimes committed in New York State, regardless of whether those crimes were ultimately prosecuted in our State courts or by the Federal authorities, i.e., to give relief to more, rather than fewer, numbers of crime victims. It would be contradictory to the Legislature's intent to provide crime victims with an opportunity to obtain compensation from those convicted of committing crimes against them to exclude certain victims merely because the defendant was prosecuted and convicted in

the Federal courts rather than in our State courts. To limit CPLR 213-b to crimes defined by New York State law and committed only in New York State, as is urged by the defendant, would undermine the Legislature's intent in enacting the statute. Therefore, we adopt the broad interpretation urged by the plaintiff, since we find it to be consonant with our perceived intent of the Legislature, and not inconsonant with the statutory language. In light of our decision that the plaintiff's action was timely commenced under CPLR 213-b, we need not consider whether CPLR 215 (8) is also applicable here. We also need not determine whether prosecutions by other State courts for crimes committed in our State would also benefit from this statute.

This broad interpretation is also supported by the few State and Federal cases addressing the reach of this section. In *Aramony v United Way* (969 F Supp 226 [SD NY]), the plaintiff, Aramony, was convicted in 1995 in the Federal District Court for the Eastern District of Virginia of, *inter alia,* mail and wire fraud, committed against the United Way of America, his former employer. In May 1996 Aramony commenced an action in the Federal District Court for the Southern District of New York to recover benefits he alleged he was owed by the United Way under a series of retirement benefit plans. The United Way counterclaimed to recover damages for, *inter alia,* breach of fiduciary duty and common-law fraud. Aramony moved to dismiss on the ground that Virginia's one-year Statute of Limitations applied and barred the claims. The District Court, however, applied the seven-year Statute of Limitations in CPLR 213-b, permitting the counterclaims to stand.

Additionally, the Third Department has stated that the seven-year period of limitation in "CPLR 213-b can be invoked when (1) the plaintiff is a crime victim, (2) the defendant has been convicted of a crime, (3) the defendant's crime is the subject of the civil action, and (4) the plaintiff's injury resulted from that crime" (*Boice v Burnett,* 245 AD2d 980, 981). Significantly, the Court did not attempt to define "crime" or to limit its definition, as was proposed by the defendant.

With respect to the issue of summary judgment on the matter of liability, the plaintiff correctly invoked collateral estoppel, and therefore, summary judgment was properly granted. The issue of whether the defendant committed the civil torts of assault and conversion was necessarily decided in the criminal prosecution. Furthermore, the defendant does not contend that he was not provided with a full and fair op-

portunity to litigate those issues. Thus, he is precluded from relitigating them and his claims to the contrary are without merit (*see, e.g., D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659; *McDonald v McDonald,* 193 AD2d 590).

For the foregoing reasons, we conclude that CPLR 213-b was enacted to provide an extension of the time to commence an action to the victims of all crimes that occur in New York, whether or not the crimes are defined by New York law or are prosecuted in New York State courts. Accordingly, we find that the plaintiff's action was timely commenced pursuant to CPLR 213-b, that summary judgment for the plaintiff on the issue of liability was properly granted, and affirm the denial of the defendant's motion.

ALTMAN, J. P., KRAUSMAN and LUCIANO, JJ., concur.

Ordered that the order is affirmed, with costs.