[784 NYS2d 201]

WILLIAM P. NIVER, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 106770.)

Third Department, November 4, 2004

## APPEARANCES OF COUNSEL

*Eliot Spitzer, Attorney General*, Albany (*Frank K. Walsh* of counsel), for appellant.

*Fitzsimmons Reynolds L.L.P.*, Watkins Glen (*Daniel J. Fitzsimmons* of counsel), for respondent.

## OPINION OF THE COURT

SPAIN, J.

At issue in this appeal is whether a youthful offender adjudication constitutes a conviction for purposes of stating a claim for unjust conviction and imprisonment under the Court of Claims Act. In 1999, claimant was convicted by a jury of two counts of assault in the second degree and thereafter adjudicated as a youthful offender. The pertinent factual and procedural history was previously detailed when we reversed claimant's judgment, finding legally insufficient evidence of claimant's guilt of assault in the second degree (*People v William EE.*, 276 AD2d 918 [2000]). Thereafter, claimant commenced this action pursuant to Court of Claims Act § 8-b, seeking damages from defendant for unjust conviction and imprisonment.

Defendant moved to dismiss the claim on the sole ground that claimant failed to state a cause of action, asserting that Court of Claims Act § 8-b can only be utilized by one who has been convicted of a felony or misdemeanor and claimant, by virtue of his youthful offender adjudication, avoided conviction of any crime. In a well reasoned decision, the Court of Claims denied the motion, prompting this appeal by defendant.

To state a claim under Court of Claims Act § 8-b, claimant had to "establish by documentary evidence that . . . *he has been convicted of one or more felonies or misdemeanors* against the state and subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence" (Court of Claims Act § 8-b [3] [a] [emphasis added]).* Significantly, the Criminal Procedure Law provides: "A youthful offender adjudication is not a judgment of conviction for a crime or any

---

* To ultimately recover under the statute, a claimant must also demonstrate innocence of the crime for which he or she was convicted, and that his or her conviction was pardoned, reversed or vacated on one of several enumerated grounds (*see* Court of Claims Act § 8-b [5]; *Robinson v State of New York*, 228 AD2d 52, 54 [1996], *lv denied* 89 NY2d 812 [1997]).

other offense . . ." (CPL 720.35 [1]). Thus, we are called on to decide whether, as defendant contends, this language—designed to protect youthful offenders from the disabilities and consequences which follow upon conviction (*see* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 720.35, at 419)—also operates to remove youthful offenders from that class of individuals who have the right to bring a claim under Court of Claims Act § 8-b.

After reviewing the statutory language and pertinent legislative history, we are convinced that the Legislature did not intend to exclude those individuals wrongfully adjudicated as youthful offenders from the remedies offered by Court of Claims Act § 8-b. First, the process by which an individual is adjudicated a youthful offender belies the argument that claimant was not convicted of a crime. Indeed, only *"[u]pon conviction of an eligible youth"* does consideration for a youthful offender adjudication begin (CPL 720.20 [1] [emphasis added]). It is also noteworthy that, despite the language of CPL 720.35 (1), in other statutory contexts, the term "conviction" is specifically defined to include youthful offender adjudications (*see e.g.* CPL 390.15 [1] [b] [statute governing HIV testing states that certain terms, including "conviction," shall "mean and include" a youthful offender finding]; 530.12 [5] ["For purposes of determining the duration of an order of protection . . . a conviction shall be deemed to include a conviction that has been replaced by a youthful offender adjudication"]). Thus, we are unconvinced by defendant's argument that the plain language of the Criminal Procedure Law necessitates the conclusion that a youthful offender adjudication cannot, under any circumstances, be treated as a criminal conviction.

Our conclusion is also supported by the purpose of Court of Claims Act § 8-b, which clearly states as follows:

> "The legislature finds and declares that innocent persons who have been wrongly convicted of crimes and subsequently imprisoned have been frustrated in seeking legal redress due to a variety of substantive and technical obstacles in the law and that such persons should have an available avenue of redress over and above the existing tort remedies to seek compensation for damages" (Court of Claims Act § 8-b [1]).

In our view, this policy applies with equal force to those adjudicated youthful offenders as it does to those who have

wrongfully been imprisoned after being sentenced as adults. The fact that statutory protections already exist for young people to lessen the future adverse consequences which can flow from a criminal conviction (*see* CPL 720.35 [1], [2]) does not obviate the need, addressed by Court of Claims Act § 8-b, to remedy the humiliation and injustice suffered by individuals who have been accused, convicted and punished for a crime which they did not commit (*see* 1984 Report of NY Law Rev Commn, reprinted in 1984 McKinney's Session Laws of NY, at 2902). We fully agree, moreover, with the Court of Claims' observation that, to decide otherwise, would place the unjustly convicted youth in the untenable position of foregoing the benefits of a youthful offender adjudication and serving a more severe adult sentence in order to preserve the chance of recovering for his or her injuries.

MERCURE, J.P., CREW III, LAHTINEN and KANE, JJ., concur.

Ordered that the order is affirmed, without costs.