PAOLA VASQUEZ, Respondent, v ROBERT J. WOOD, Defendant, and QUEENSBORO TOYOTA, INC., Appellant. [795 NYS2d 638]—

In an action to recover damages for personal injuries and

wrongful death, etc., the defendant Queensboro Toyota, Inc., appeals from so much of an order of the Supreme Court, Queens County (Dollard, J.) dated April 26, 2004, as denied those branches of its motion which were to dismiss the first and second causes of action insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the appellant's motion which was to dismiss the first cause of action insofar as asserted against it and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the first cause of action is dismissed insofar as asserted against the appellant.

We agree with the appellant that the terms of CPLR 213-b do not extend the statutes of limitations that are applicable to the plaintiff's wrongful death and "survival" causes of action insofar as asserted against it (see EPTL 5-4.1; CPLR 214 [5]). The appellant was not convicted of any crime as a result of the accident that gave rise to this action, and CPLR 213-b, by its plain terms, does not apply (see Boice v Burnett, 245 AD2d 980, 981; Villanueva v Comparetto 180 AD2d 627, 629 [1992] [construing CPLR 215 (8)]; Jordan v Britton 128 AD2d 315, 320 [1987] [construing EPTL 5-4.1 (2)]; cf. Alford v St. Nicholas Holding Corp. 218 AD2d 622).

However, the plaintiff's cause of action to recover damages for wrongful death was timely interposed against the appellant (see CPLR 205 [a]; Hernandez v New York City Health & Hosps. Corp., 78 NY2d 687 [1991]). On August 12, 1998, the plaintiff commenced a prior action against the defendants in which she asserted a cause of action to recover damages for wrongful death. By order dated November 2, 2001, the Supreme Court granted the defendants' motion to dismiss that action, as it was commenced prior to the issuance of letters of administration to the plaintiff, and thus she lacked the capacity to sue. The dismissal was without prejudice to the commencement of a new action based on the same occurrence within six months of service of a copy of the court's order, with notice of entry, pursuant to CPLR 205 (a). The instant action was commenced within that six-month period.

The plaintiff's cause of action to recover damages for wrongful death was timely interposed on August 12, 1998, the date the prior action was commenced, in light of the infancy toll recognized in Hernandez v New York City Health & Hosps. Corp. (supra at 694). The appellant raised no issue concerning this aspect of the Supreme Court's order in its main brief, and thus

abandoned whatever argument it may have had on this point (*see e.g. Kane v Triborough Bridge & Tunnel Auth.*, 8 AD3d 239, 242 [2004]; *Matter of Watts v Leonard* 308 AD2d 593 [2003]; *Chabbott v Chabbott,* 306 AD2d 368, 369 [2003]). In any event, the appellant's contention that the *Hernandez* toll does not apply in this case, raised for the first time in its reply brief, is without merit.

The decedent's son, born after his death, was his only distributee. Thus, no one was qualified or eligible to receive letters of administration until a guardian was actually appointed for him (*see* EPTL 4-1.1 [a] [3]; EPTL 5-4.5; SCPA 103 [27]; 707 [1] [a]; 1001 [2]). Since this did not occur until May 19, 1999, when the plaintiff, the infant's mother, was appointed as his guardian, the wrongful death cause of action was timely interposed upon the filing of the prior complaint on August 12, 1998 (*see Hernandez v New York City Health & Hosps. Corp., supra; see also Weed v St. Joseph's Hosp.,* 245 AD2d 713, 714 [1997]).

As noted, the wrongful death cause of action timely asserted in the previous action was dismissed because of the plaintiff's lack of capacity to sue. Thus this action, commenced within the required six-month period, was timely commenced due to the toll of CPLR 205 (a) (*see Carrick v Central Gen. Hosp.*, 51 NY2d 242, 245-246 [1980]). H. Miller, J.P., Ritter, Goldstein and Crane, JJ., concur.