■ LINDA LEVY, Appellant, v KUNG SIT HUIE et al., Respondents. [863 NYS2d 498]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Queens County (Kelly, J.), dated January 9, 2007, as granted (a) the motion of the defendants Kung Sit Huie and Bill Kong Chuck Huie for summary judgment dismissing the complaint insofar as asserted against them, (b) that branch of the motion of the defendant B & P Chimney Cleaning & Repair Co., Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and (c) that branch of the motion of the defendant Tavella Plumbing & Heating Corp. which was for summary judgment dismissing the complaint insofar as asserted against it, and (2) from an order of the same court dated June 26, 2007, which denied her motion for leave to renew and reargue the defendants' respective motions for summary judgment.

Ordered that the appeal from the order dated June 26, 2007, is dismissed; and it is further,

Ordered that the order dated January 9, 2007, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

The deposition testimony of the defendant Kung Sit Huie, nonparty Paul Lonergan, the president of the defendant B & P Chimney Cleaning Repair Co., Inc., and nonparty Vincent Tavella, the president of the defendant Tavella Plumbing & Heating Corp., submitted by the defendants on their respective motions, established their prima facie entitlement to summary judgment (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact. The affidavits of the plaintiff's experts regarding boiler

repair and carbon monoxide toxicity were speculative, conclusory, and not based on either industry standards or other foundational facts (*see Romano v Stanley*, 90 NY2d 444, 451-452 [1997]; *Rizzo v Sherwin-Williams Co.*, 49 AD3d 847 [2008]; *Reddy v 369 Lexington Ave. Co., L.P.*, 31 AD3d 732, 733 [2006]; *Canales v Hustler Mfg. Co.*, 12 AD3d 392 [2004]). The references in the affidavit of the plaintiff's boiler repair expert to the Administrative Code of the City of New York §§ 27-127 and 27-128, "are nonspecific and reflect only the general duty [of a landowner] to maintain premises in a safe condition" (*Jang Hee Lee v Sung Whun Oh*, 3 AD3d 473, 474 [2004]). Moreover, under the circumstances of this case, the defendants were not required to submit expert affidavits (*see Thomas v Richie*, 8 AD3d 363, 364 [2004]).

No appeal lies from an order denying reargument. Moreover, the plaintiff raised no issue regarding the denial of that branch of her motion which was for leave to renew in her main brief. The issue was raised for the first time in her reply brief. Thus, she abandoned whatever argument she may have had with respect to the appeal from so much of the order dated June 26, 2007, as denied that branch of her motion which was for leave to renew (*see Vasquez v Wood*, 18 AD3d 645, 646-647 [2005]). Therefore, the appeal from the order dated June 26, 2007, should be dismissed.

The contention of the defendants Kung Sit Huie and Bill Kong Chuck Huie with respect to their motion for leave to amend their answer to include a statute of limitations defense has been rendered academic in light of our determination.

The plaintiff's remaining contentions are without merit. Mastro, J.P., Florio, Dickerson and Belen, JJ., concur.