In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), entered September 18, 2008, as granted that branch of the cross motion of the defendants Cherry Creek, Inc., doing business as Cherry Creek Golf Course and Cherry Creek Golf Links, Cherry Creek Golf Course, and Cherry Creek Golf Links which was for summary judgment dismissing the complaint insofar as asserted against them, and the defendant John Randazzo, Jr., cross-appeals, as limited by his brief, from so much of the same order as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.
*659 Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant John Randazzo, Jr., which was for summary judgment dismissing all cross claims insofar as asserted against him, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff was a passenger in a golf cart operated by his friend and golfing partner, the defendant John Randazzo, Jr., on a golf course owned by the defendants Cherry Creek, Inc., doing business as Cherry Creek Golf Course and Cherry Creek Golf Links, Cherry Creek Golf Course, and Cherry Creek Golf Links (hereinafter collectively Cherry Creek), when the cart tipped over on its right side, allegedly causing the plaintiff to sustain various personal injuries. At the time, the cart was negotiating a U-turn on a path between the sixth green and the seventh tee. Thereafter, the plaintiff commenced this action naming Randazzo and Cherry Creek as defendants, alleging that Randazzo had been negligent in his operation of the golf cart and that Cherry Creek had been negligent in the design and maintenance of the path on which the golf cart had been traveling.
The evidence submitted by Randazzo in support of his motion for summary judgment failed to eliminate all triable issues of fact as to whether the accident was proximately caused by his operation of the cart at an excessive speed, under the circumstances existing immediately prior to the occurrence (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Accordingly, it is not necessary to consider the sufficiency of the papers submitted in opposition to Randazzo’s motion (id. at 324).
The evidence submitted by Cherry Creek established, prima facie, that the accident was not proximately caused by any negligence on its part in the design and maintenance of the golf course (id. at 324). The affidavit of the plaintiffs expert, which was speculative, conclusory, and not based on either industry standards or other foundational facts, failed to raise a triable issue of fact (see Romano v Stanley, 90 NY2d 444, 451-452 [1997]; Levy v Kung Sit Huie, 54 AD3d 731 [2008]).
Accordingly, the Supreme Court properly granted Cherry Creek’s cross motion. In light of its determination awarding summary judgment to Cherry Creek, the Supreme Court should have granted that branch of Randazzo’s motion which was for summary judgment dismissing the cross claims for contribution and/or indemnification asserted by Cherry Creek against him. Rivera, J.P., Dillon, Balkin and Austin, JJ., concur.