■ DAVID SHAW, Appellant, v BLUEPERS FAMILY BILLIARDS et al., Respondents. [941 NYS2d 691]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Alfieri, J.), dated January 3, 2011, as granted those branches of the motion of the defendants Bluepers Family Billiards and Claude Davis, the cross motion of the defendants Rosen Group, Inc., Price Chopper Operating Co., Inc., V.G.R. Associates, LLC, and Vail's Gate, LLC, and the cross motion of the defendants Christopher C. Fitch, individually, Christopher C. Fitch, doing business as Upstate Landscaping and Upstate Landscapes, Upstate Landscaping, and Upstate Landscapes, which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs awarded to the defendants appearing separately and filing separate briefs.

The plaintiff allegedly was injured when he slipped and fell on ice outside of the defendant Bluepers Family Billiards, which was owned by the defendant Claude Davis (hereinafter together Bluepers). Bluepers was situated in a rented commercial space in the Price Chopper Plaza located in Vails Gate. Price Chopper Plaza was owned by the defendants V.G.R. Associates, LLC, and Vails Gate, LLC, and managed by the defendant Rosen Group, Inc. (hereinafter collectively with the defendant Price Chopper Operating Co., Inc., the landlord). Rosen Group, Inc., contracted

with the defendant Christopher C. Fitch to remove snow from the parking lot of the Price Chopper Plaza. The plaintiff commenced this action sounding in negligence against Bluepers, the landlord, and the defendants Christopher C. Fitch, individually, Christopher C. Fitch, doing business as Upstate Landscaping and Upstate Landscapes, Upstate Landscaping, and Upstate Landscapes (hereinafter collectively Upstate). In the order appealed from, the Supreme Court, inter alia, granted those branches of the motion of Bluepers and the separate cross motions of Upstate and the landlord which were for summary judgment dismissing the complaint insofar as asserted against each of them.

The Supreme Court properly granted those branches of the motion of Bluepers and the cross motion of the landlord which were for summary judgment dismissing the complaint insofar as asserted against each of them. Bluepers and the landlord established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them by submitting proof that they did not create or have actual or constructive notice of the allegedly dangerous condition that caused the plaintiff's accident (*see generally Cantwell v Fox Hill Community Assn., Inc.*, 87 AD3d 1106 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Gerardi v Verizon N.Y., Inc.*, 66 AD3d 960, 961 [2009]; *Construction by Singletree, Inc. v Lowe*, 55 AD3d 861, 863 [2008]).

The Supreme Court also properly granted that branch of Upstate's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it. "In *Espinal v Melville Snow Contrs.* (98 NY2d 136, 138 [2002]), the Court of Appeals held that 'a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party' " (*Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 213 [2010], quoting *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). However, the Court identified three exceptions to the general rule, pursuant to which "a party who enters into a contract to render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*Espinal v Melville Snow Contrs.*, 98 NY2d at 140 [internal quotation marks and citations omitted]).

Here, viewed in the light most favorable to the plaintiff, the pleadings asserted, among other things, that Upstate failed to exercise reasonable care in the performance of its duties, thereby launching a force or instrument of harm. Since the pleadings contained allegations which would establish that this *Espinal* exception applied, in order to establish its prima facie entitlement to judgment as a matter of law, Upstate was required to eliminate all triable issues of fact with regard thereto (*see Rubistello v Bartolini Landscaping, Inc.*, 87 AD3d 1003, 1004 [2011]; *Foster v Herbert Slepoy Corp.*, 76 AD3d at 214). Upstate succeeded in demonstrating that it did not launch a force or instrument of harm as a result of a failure to exercise reasonable care in the performance of snow removal duties. In opposition, the plaintiff failed to raise a triable issue of fact.

In his main brief, the plaintiff did not raise an issue regarding the denial of his cross motion for leave to serve an amended bill of particulars. This issue was raised for the first time in the plaintiff's reply brief. Thus, the plaintiff abandoned whatever argument he may have had with respect to the Supreme Court's denial of his cross motion for leave to serve an amended bill of particulars (*see Levy v Kung Sit Huie*, 54 AD3d 731, 732 [2008]; *Vasquez v Wood*, 18 AD3d 645, 646-647 [2005]; *see also Kane v Triborough Bridge & Tunnel Auth.*, 8 AD3d 239, 242 [2004]). Balkin, J.P., Eng, Hall and Sgroi, JJ., concur.