■ JOAN ELLIOTT, Appellant, v ROMANA GRANT, Respondent.
[52 NYS3d 645]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated July 8, 2014, which, inter alia, denied her motion, in effect, to strike the affirmative defense of the statute of limitations, and granted the defendant's cross motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

Ordered that the order is affirmed, without costs or disbursements.

In July 2013, the plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she was intentionally assaulted by the defendant in September 2009 and November 2009. The plaintiff contends that although this action was commenced after the expiration of the one-year statute of limitations for asserting a cause of action alleging assault (*see* CPLR 215 [3]), the statute of limitations was extended by CPLR 213-b.

CPLR 213-b, entitled "Action by a victim of a criminal offense," provides, as relevant, that "an action by a crime victim . . . may be commenced to recover damages from a defendant: (1) convicted of a crime which is the subject of such action, for any injury or loss resulting therefrom within seven years of the date of the crime." The statute was "intended to be expansive" and to "give relief to more, rather than fewer, numbers of crime victims" (*Elkin v Cassarino*, 248 AD2d 35, 39 [1998]).

In support of her cross motion to dismiss the complaint as time-barred, and in opposition to the plaintiff's motion, in effect, to strike the affirmative defense of the statute of limitations, the defendant established that she was convicted of the violations of harassment and disorderly conduct in connection with the incidents at issue. Pursuant to Penal Law § 10.00 (6), " 'Crime' means a misdemeanor or a felony." Where the defendant was not convicted of any crime in connection with the subject of the action, "CPLR 213-b, by its plain terms, does not apply" (*Vasquez v Wood*, 18 AD3d 645, 646 [2005]). Here, since the defendant was convicted of violations, which are not crimes, the Supreme Court properly declined to apply the seven-year statute of limitations as provided in CPLR 213-b and granted the defendant's cross motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

The plaintiff's remaining contentions are without merit. Rivera, J.P., Austin, Miller and Barros, JJ., concur.