Pitt v Feagles (2021 NY Slip Op 07299)





Pitt v Feagles


2021 NY Slip Op 07299


Decided on December 22, 2021


Appellate Division, Second Department


Connolly, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2020-08153
 (Index No. 16-5925)

[*1]Anthony Pitt, et al., appellants,
v
Ericka Feagles, respondent.



APPEAL by the plaintiffs, in an action, inter alia, to recover damages for malicious prosecution, from an order of the Supreme Court (Sandra B. Sciortino, J.), dated October 19, 2020, and entered in Orange County. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint as time-barred.



Law Office of Michael H. Joseph, PLLC, White Plains, NY (John V. Tait of counsel), for appellants.



CONNOLLY, J.


OPINION & ORDER
This appeal presents the question of whether the extended statute of limitations in CPLR 213-b(1), which applies where a defendant has been "convicted of a crime" that is the subject of the action, is applicable where the defendant has been adjudicated a youthful offender, notwithstanding that a youthful offender adjudication is not a conviction under article 720 of the Criminal Procedure Law. We hold that a defendant who has been adjudicated a youthful offender under CPL article 720 has not been "convicted of a crime" for purposes of affording a plaintiff in a civil action the benefit of the extended statute of limitations in CPLR 213-b(1).
I. Factual and Procedural History
The plaintiffs, Anthony Pitt and his mother, Dawne Riccardelli, contend that, on March 7, 2011, Pitt and the defendant, Ericka Feagles, had consensual sexual intercourse. They further contend that on March 8, 2011, Feagles falsely accused Pitt of rape and, as a result of her false allegations, Pitt was arrested, prosecuted, and deprived of his liberty until October 17, 2011, when the charges and prosecution were resolved in his favor. According to the plaintiffs, criminal charges were filed against Feagles in connection with her allegations against Pitt, and she subsequently pleaded guilty to falsely reporting an incident in the third degree (Penal Law § 240.50[3]).
In 2012, the plaintiffs commenced an action against Feagles and her father in connection with Feagles's alleged false allegations of sexual assault (hereinafter the prior action). However, the plaintiffs apparently failed to properly serve Feagles within the time allotted, despite obtaining an extension of the time in which to do so, resulting in the complaint being dismissed [*2]insofar as asserted against Feagles [FN1].
In August 2016, the plaintiffs commenced the instant action against Feagles, asserting causes of action alleging various intentional torts, including false arrest and malicious prosecution. The complaint asserted that the statute of limitations was extended because the action was commenced pursuant to CPLR 213-b(1).
Feagles interposed an answer, which included an affirmative defense that the action was barred by the statute of limitations. Thereafter, Feagles moved, inter alia, for summary judgment dismissing the complaint as time-barred. In support of her motion, Feagles submitted a copy of a certificate of disposition which showed that on April 25, 2012, she had been adjudicated a youthful offender on one count of falsely reporting an incident in the third degree (Penal Law § 240.50[3]) and one count of making a punishable false written statement (id. § 210.45). Feagles argued that pursuant to CPL article 720, her youthful offender finding replaced her conviction, she was not "convicted of a crime" for purposes of the extended statute of limitations in CPLR 213-b(1), and this action was not commenced within the one-year statute of limitations for intentional torts.
The plaintiffs opposed Feagles's motion, arguing that, notwithstanding Feagles's youthful offender adjudication, she had been "convicted" of the crime of falsely reporting an incident in the third degree (Penal Law § 240.50[3]), which was the subject of this action. Accordingly, the plaintiffs argued that they were entitled to the seven-year extension of the statute of limitations for crime victims provided in CPLR 213-b(1).
In an order dated October 19, 2020, the Supreme Court, inter alia, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint as time-barred. The court held that a youthful offender adjudication was not a judgment of conviction, and therefore, the plaintiffs could not receive the benefit of the extended statute of limitations in CPLR 213-b(1). The plaintiffs appeal, and we affirm.
II. The Relevant Statutes
This appeal requires us to examine both the extension of the statute of limitations for crime victims (CPLR 213-b) and the youthful offender statutes (CPL article 720). Under well-established rules of statutory construction, we begin our analysis with the language of the statutes, "because our primary consideration is to ascertain the legislature's intent, of which the text itself is generally the best evidence" (People v Francis, 30 NY3d 737, 740 [internal quotation marks omitted]; see Colon v Martin, 35 NY3d 75, 78).
A. The Extension of the Statute of Limitations for Crime Victims: CPLR 213-b
CPLR 213-b was enacted in 1992 as part of comprehensive legislation to enhance the rights of crime victims (see National Union Fire Ins. Co. of Pittsburgh, Pa. v Erazo, 187 Misc 2d 194, 195, 199 [Civ Ct]). CPLR 213-b, entitled "Action by a victim of a criminal offense," provides, as relevant, that "an action by a crime victim . . . may be commenced to recover damages from a defendant: (1) convicted of a crime which is the subject of such action, for any injury or loss resulting therefrom within seven years of the date of the crime" (id. § 213-b[1] [emphasis added]; see Elliot v Grant, 150 AD3d 1080, 1081; City of New York v College Point Sports Assn., Inc., 61 AD3d 33, 40; Boice v Burnett, 245 AD2d 980, 981). "Convicted" is not defined in CPLR 213-b.
B. The Youthful Offender Statutes: CPL Article 720
The youthful offender statutes (CPL article 720) provide special measures for persons found to be youthful offenders, which "'emanate from a legislative desire not to stigmatize youths between the ages of 16 and 19 with criminal records triggered by hasty or thoughtless acts which, although crimes, may not have been the serious deeds of hardened criminals'" (Matter of Capital Newspapers Div. of Hearst Corp. v Moynihan, 71 NY2d 263, 268, quoting People v Drayton, 39 NY2d 580, 584; see Castiglione v James F.Q., 115 AD3d 696). As explained by the Court of Appeals, youthful offender status under CPL article 720 is "determined only after [the] defendant has been tried and convicted criminally" (Matter of Capital Newspapers Div. of Hearst Corp. v Moynihan, 71 NY2d at 268; see People v Francis, 30 NY3d at 748). Pursuant to CPL 720.20(1), "[u]pon conviction of an eligible youth, the court must order a pre-sentence investigation of the defendant," and, after receipt of the report and at the time of pronouncing sentence, the court must determine whether or not the eligible youth is a youthful offender (see People v Rudolph, 21 NY3d [*3]497, 501; Matter of Capital Newspapers Div. of Hearst Corp. v Moynihan, 71 NY2d at 268). "Youthful offender finding" is defined as "a finding, substituted for the conviction of an eligible youth, pursuant to a determination that the eligible youth is a youthful offender" (CPL 720.10[4] [emphasis added]). "If a 'youthful offender' finding is made, the court must direct that the conviction be deemed vacated and replaced by the youthful offender finding, and it must sentence the defendant pursuant to Penal Law § 60.02, which permits a maximum indeterminate term of imprisonment of four years" (Matter of Capital Newspapers Div. of Hearst Corp. v Moynihan, 71 NY2d at 268; see CPL 720.20[1], [3]; 720.10[4]; People v Francis, 30 NY3d at 748; People v Rudolph, 21 NY3d at 500). "The youthful offender finding and sentence imposed together constitute a 'youthful offender adjudication'" (Matter of Capital Newspapers Div. of Hearst Corp. v Moynihan, 71 NY2d at 268, quoting CPL 720.10[6]; see CPL 720.20).
CPL 720.35 sets forth the effect of a youthful offender adjudication. Pursuant to CPL 720.35(1),
"A youthful offender adjudication is not a judgment of conviction for a crime or any other offense, and does not operate as a disqualification of any person so adjudged to hold public office or public employment or to receive any license granted by public authority but shall be deemed a conviction only for the purposes of transfer of supervision and custody pursuant to section two hundred fifty-nine-m of the executive law" (emphasis added; see Castiglione v James F.Q., 115 AD3d at 696; People v Demetrius J., 272 AD2d 958, 958).
CPL 720.35(2) provides for the sealing of records; CPL 720.35(3) provides the circumstances under which a school educational official shall be notified of a youthful offender adjudication; and CPL 720.35(4) provides the circumstances under which specified officials, including the commissioner of mental health and the commissioner of developmental disabilities, may obtain records pertaining to the youthful offender adjudication.
III. Analysis
The issue of whether the extended statute of limitations in CPLR 213-b(1) applies where a defendant was adjudicated a youthful offender under CPL article 720 is one of first impression. On appeal, the plaintiffs contend that Feagles was "convicted of a crime" for purposes of CPLR 213-b(1) because she was convicted within the meaning of the Criminal Procedure Law and her conviction was not actually vacated. The plaintiffs further contend that CPLR 213-b(1) does not incorporate the terms of the Criminal Procedure Law, and CPLR 213-b(1) must be expansively construed. We address each of those contentions in turn.
A. A Defendant's Conviction is Replaced by a Youthful Offender Finding
For purposes of the Criminal Procedure Law, "'[c]onviction' means the entry of a plea of guilty to, or a verdict of guilty upon, an accusatory instrument other than a felony complaint, or to one or more counts of such instrument" (CPL 1.20[13]). Here, the plaintiffs allege that Feagles pleaded guilty to falsely reporting an incident in the third degree (Penal Law 240.50[3]), a misdemeanor, which would ordinarily qualify as a conviction (see CPL 1.20[13]).
However, the record establishes that a youthful offender finding replaced Feagles's conviction for falsely reporting an incident in the third degree and her conviction was "deemed vacated" (see CPL 720.10[4]; 720.20[1], [3]). Emphasizing that a conviction that has been replaced by a youthful offender finding has only been "deemed vacated," not vacated in fact, the plaintiffs urge that Feagles remains "convicted" under the Criminal Procedure Law and for purposes of CPLR 213-b(1). We reject that contention.
First, the Court of Appeals has held that "a mandatory vacatur of conviction pursuant to CPL 720.20 (subd. 3) has the practical and legal effect of a reversal" (People v Floyd J., 61 NY2d 895, 897). Thus, contrary to the plaintiffs' contention, after Feagles's youthful offender finding replaced her conviction for falsely reporting an incident in the third degree and she was adjudicated a youthful offender, it can no longer be said that she was "convicted" of that crime under the Criminal Procedure Law.
We acknowledge that there are some limited circumstances under which a youthful offender adjudication can be treated as a criminal conviction. However, in such circumstances, the legislature has expressly included language permitting such an interpretation (see CPL 390.15[1][b] [requiring HIV testing in certain cases and providing that "'conviction'" shall "mean and include" a "'youthful offender finding'"]; id. § 530.12[5] ["For purposes of determining the duration of an [*4]order of protection . . . a conviction shall be deemed to include a conviction that has been replaced by a youthful offender adjudication"]; see also id. § 720.30 [providing that defendants adjudicated youthful offenders may make postjudgment motions and take appeals wherever the relevant provisions can reasonably be applied]). We also acknowledge that, where an expansive reading of a statute deeming a youthful offender adjudication a "conviction" supports the purpose of the youthful offender statute, such an interpretation may be warranted (see Niver v State of New York, 12 AD3d 51, 53 [treating a youthful offender adjudication as a "conviction" for purposes of Court of Claims Act § 8-b, which provides that a person convicted and imprisoned for felonies or misdemeanors which he or she did not commit may present a claim for damages against the state, and holding that such treatment was consistent with the purpose of the youthful offender statute]).
Further, the plaintiffs' argument minimizes the distinction between the conviction and the facts of the underlying offense. Under CPL article 720, the conviction is deemed vacated. Nevertheless, the facts of the underlying offense may be considered in the appropriate circumstances. For example, in People v Francis (30 NY3d 737), the Court of Appeals analyzed both CPL article 720 and the Sex Offender Registration Act and determined that the State Board of Sex Offenders (hereinafter the Board) was not prohibited from considering youthful offender adjudications for the limited public safety purpose of accurately assessing an offender's risk level where the Board acknowledged that youthful offender adjudications are not criminal convictions (see People v Francis, 30 NY3d at 748). In reaching this determination, the Court of Appeals rejected the defendant's interpretation of CPL article 720 as providing that a youthful offender has not committed an offense (see People v Francis, 30 NY3d at 748). The Court of Appeals held that the youthful offender adjudication "replaces the conviction, not the offense itself" (id.).
Thus, a criminal defendant who chooses to testify may not be impeached with a youthful offender adjudication (see People v Gray, 84 NY2d 709, 712). However, those defendants may be questioned about the "illegal or immoral acts underlying such adjudications" (id. at 712 [internal quotation marks omitted]; see People v Reddick, 293 AD2d 554).
Cases involving civil actions also distinguish between the youthful offender adjudication and the facts underlying the adjudication. In civil actions, a witness may not be impeached with his or her youthful offender adjudication because "the youthful offender adjudication is not a conviction for a crime" (State Farm Fire & Cas. Co. v Bongiorno, 237 AD2d 31, 34), although a witness may be questioned about the underlying facts (see Arma v East Islip Union Free Sch. Dist., 171 AD3d 1122, 1124; Castiglione v James F.Q., 115 AD3d at 697; Matter of Barnett v David M.W., 22 AD3d 575, 576). Likewise, a party in a civil action is not entitled to discovery of the records which were sealed pursuant to CPL 720.35(2) (see State Farm Fire & Cas. Co. v Bongiorno, 237 AD2d at 34), although that party may be entitled to discovery on the facts underlying a youthful offender adjudication (see Matter of Barnett v David M.W., 22 AD3d at 576).
The plaintiffs' reliance upon decisions from the United States Court of Appeals for the Second Circuit, which consider youthful offender adjudications for the purpose of federal sentencing guidelines, is misplaced. In those cases, the Second Circuit analyzed the effect of youthful offender adjudications for purposes of interpreting federal law, which the court held was not dependent upon how New York characterized the youthful offender statute (see United States v Sampson, 385 F3d 183, 195 [2d Cir]; United States v Cuello, 357 F3d 162, 168 [2d Cir]; United States v Driskell, 277 F3d 150, 157 [2d Cir]; United States v Matthews, 205 F3d 544, 548 [2d Cir]). Further, as the Second Circuit acknowledged, federal courts applying federal sentencing guidelines must consider the need to avoid "unwarranted sentencing disparities among defendants with similar records, but who are labeled differently depending on the jurisdiction where they committed their offense" (United States v Driskell, 277 F3d at 158 [internal quotation marks omitted]). These cases do not support the proposition that a defendant adjudicated a youthful offender under New York law has been "convicted" of a crime for purposes of obtaining the benefit of an extended statute of limitations to commence a civil action under New York state law.
B. A Defendant Adjudicated a Youthful Offender Has Not Been "Convicted of a Crime" for Purposes of CPLR 213-b(1)
Contrary to the plaintiffs' contention, we consider it appropriate to look to the Criminal Procedure Law to determine that a defendant who has been adjudicated a youthful offender has not been "convicted of a crime" for purposes of CPLR 213-b(1). In Elliott v Grant (150 AD3d at 1081), the plaintiff commenced an action to recover damages for personal injuries she allegedly [*5]sustained as a result of assaults upon her by the defendant. Since the defendant was convicted of the violations of harassment and disorderly conduct in connection with the incidents at issue, this Court held that the statutory extension provided in CPLR 213-b(1) did not apply (see Elliott v Grant, 150 AD3d at 1081). To reach that conclusion, we relied upon Penal Law § 10.00(6), which defines "crime" to mean a misdemeanor or felony, and does not include violations (see Elliott v Grant, 150 AD3d at 1081).
Nor does our decision in Elkin v Cassarino (248 AD2d 35) prohibit us from looking to the Criminal Procedure Law or the Penal Law to construe CPLR 213-b in the appropriate circumstances. In Elkin v Cassarino (248 AD2d at 36-37), the plaintiff commenced a civil action in a New York State court to recover damages for assault and conversion in connection with the defendant's actions in a robbery, for which he was convicted of federal crimes in the United States District Court for the Eastern District of New York. On appeal, this Court rejected the defendant's contention that the extension of the statute of limitations in CPLR 213-b did not apply to crimes prosecuted in federal courts (see Elkin v Cassarino, 248 AD2d at 39). We held that "CPLR 213-b does not expressly or impliedly mandate that the 'crime' in question be a conviction in New York State Court, or one defined by the laws of the State of New York" (id. at 38).
By contrast, in this case, there is no allegation that Feagles has been convicted of a crime under the laws of another jurisdiction or in the courts of another jurisdiction. Thus, the only issue is whether Feagles has been "convicted of a crime" under New York law. To answer that question, we look to our Criminal Procedure Law (see Elliott v Grant, 150 AD3d at 1081), and we hold that Feagles has not been "convicted of a crime" for purposes of CPLR 213-b(1).
This conclusion is also consistent with the only case directly addressing the term "convicted" in CPLR 213-b. In In re Shapiro (180 BR 37, 38 [ED NY]), the plaintiff alleged that the debtor-defendant was convicted of sexual misconduct and sexual abuse in the third degree, which were misdemeanors under the New York Penal Code, stemming from "'unpermitted sexual contact'" with the plaintiff in 1988 (hereinafter the 1988 incident). However, on appeal, the Appellate Term for the Second and Eleventh Judicial Districts had reversed the debtor-defendant's judgment of conviction and dismissed the information (see id.). Relying upon CPLR 213-b, the plaintiff contended that the debtor-defendant had been "convicted of a crime" and she could commence a timely action to recover damages as a result of the 1988 incident (In re Shapiro, 180 BR at 39 [internal quotation marks omitted]). The debtor-defendant contended that the plaintiff did not have a viable action under CPLR 213-b because his conviction had been overturned on appeal (see In re Shapiro, 180 BR at 39). The United States Bankruptcy Court for the Eastern District of New York held that "notwithstanding the wording of CPLR § 213-b, which appears to be applicable whenever a defendant has been 'convicted of a crime', it does not apply where a judgment of conviction is reversed and the information dismissed" (id.). The Court based its analysis on New York state cases holding that the reversal of a judgment of conviction has the effect of rendering the conviction a legal nullity, and held that, in effect, the reversal of a criminal conviction constitutes an "unconviction" (id. at 41 [internal quotation marks omitted]). The plaintiff, therefore, could not invoke CPLR 213-b (see In re Shapiro, 180 BR at 42). Similarly, here, we reiterate that the Court of Appeals has held that "a mandatory vacatur of conviction pursuant to CPL 720.20 (subd. 3) has the practical and legal effect of a reversal" (People v Floyd J., 61 NY2d at 897).
We acknowledge that the legislative history of CPLR 213-b indicates that it should be construed broadly to give relief to a greater, rather than a lesser, number of crime victims (see Elkin v Cassarino, 248 AD2d at 39; National Union Fire Ins. Co. of Pittsburgh, Pa. v Erazo, 187 Misc 2d at 200; see also Letter from Alan G. Hevesi, Assemblymember, New York State Assembly, July 24, 1992 at 50, Bill Jacket, L 1992, ch 618 ["(a)ny questions that may arise regarding the nature and extent of damages recoverable ought to be answered in the broadest fashion"]).
Nonetheless, the expansive construction of CPLR 213-b is not without limits. "Where the defendant was not convicted of any crime in connection with the subject of the action, CPLR 213-b, by its plain terms, does not apply" (Elliott v Grant, 150 AD3d at 1081 [internal quotation marks omitted]; see Vasquez v Wood, 18 AD3d 645 [where the defendant was not convicted of any crime as a result of the accident that gave rise to the action, CPLR 213-b did not apply]; see also Respass v Dean, 7 AD3d 503, 504 [where there was no causal connection between the plaintiff's injuries and the defendant's criminal conviction, the plaintiff's action was not subject to the seven-year statute of limitations for crime victims provided by CPLR 213-b(1)]; Boice v Burnett, 245 AD2d at 981 [where the defendant had been convicted of criminal tax fraud for [*6]submitting false business expense vouchers that included the plaintiffs' names, the plaintiffs, who commenced a defamation action, were not the victims of the crime of which the defendant had been convicted]). Without the benefit of express statutory language, we decline to interpret the statute to mean that a youthful offender adjudication constitutes the conviction of a crime for purposes of CPLR 213-b(1).
Moreover, we also must consider the competing legislative purpose of the youthful offender statute. In enacting the youthful offender statute, the legislature sought to relieve youthful offenders of the consequences of a criminal conviction and give them a "second chance" (State Farm Fire & Cas. Co. v Bongiorno, 237 AD2d at 36 [internal quotation marks omitted]; see People v Francis, 30 NY3d at 748). It would be inconsistent with that legislative purpose to allow plaintiffs to commence civil actions against youthful offenders long after the conduct underlying the adjudication occurred (cf. Niver v State of New York, 12 AD3d at 53).
Our determination does not prohibit civil actions against defendants for the conduct underlying youthful offender adjudications. We simply hold that plaintiffs must commence such actions within the applicable statutes of limitations, without the benefit of the seven-year extension provided in CPLR 213-b(1). We note that here, the plaintiffs commenced the prior action within the applicable one-year statute of limitations for intentional torts and would have had a timely action against Feagles had they properly served her. The plaintiffs did not do so.
IV. Conclusion
Under New York law, a youthful offender finding replaced Feagles's conviction for falsely reporting an incident in the third degree and that conviction was "deemed vacated" (see CPL 720.20[1], [3]; 720.35; People v Francis, 30 NY3d at 748; People v Floyd J., 61 NY2d at 897; see also In re Shapiro, 180 BR at 39). Accordingly, the Supreme Court properly determined that Feagles was not "convicted of a crime" that was the subject of this action (CPLR 213-b[1]), the plaintiffs were not entitled to the extension of the statute of limitations provided in CPLR 213-b(1) (see Elliott v Grant, 150 AD3d at 1081; see also In re Shapiro, 180 BR at 39), and the court properly granted that branch of Feagles's motion which was for summary judgment dismissing the complaint as time-barred.
Accordingly, the order is affirmed insofar as appealed from.
MASTRO, J.P., AUSTIN and DUFFY, JJ., concur.
ORDERED that the order is affirmed insofar as appealed from, with costs.
ENTER:
Maria T. Fasulo
Clerk of the Court



Footnotes

Footnote 1: The complaint was dismissed insofar as asserted against Feagles's father for failure to state a cause of action.