Boliak v Reilly (2025 NY Slip Op 07088)

Boliak v Reilly

2025 NY Slip Op 07088

Decided on December 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 18, 2025

Before: Kern, J.P., Scarpulla, Friedman, Shulman, Rosado, JJ. 

Index No. 153941/16|Appeal No. 5431|Case No. 2024-04856|

[*1]Lawrence Boliak et al., Plaintiffs-Appellants,
vFather Michael P. Reilly et al., Defendants-Respondents.

Bergstein & Ullrich, New Paltz (Stephen Bergstein of counsel), from appellants.
Law Office of Mark E. Goidell, Garden City (Mark E. Goidell of counsel), for Father Michael P. Reilly, respondent.
Kelley Drye & Warren LLP, New York (Levi M. Downing of counsel), for Robert Richard, Greg Manos, St. Joseph by the Sea High school, Cardinal Timothy Dolan and The Archdiocese of New York, respondents.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered on or about July 25, 2024, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiffs' hostile work environment claims and plaintiff Lawrence Boliak's claim for defamation, unanimously modified, on the law, to deny defendants' motion with respect to the hostile work environment claims, and otherwise affirmed, without costs.
Plaintiffs Boliak, Maureen Smith, and Thomas Rodes were all employed by St. Joseph by the Sea High School, a private Catholic school on Staten Island. The case stems from plaintiffs' allegations that the school's Principal, defendant Father Michael P. Reilly, regularly subjected them to vulgar, sexist, ageist, racist and homophobic remarks and epithets. Plaintiffs further allege that defendant Robert Richard, the school's Vice Principal, and defendant Greg Manos, the school's Dean of Men, regularly repeated Father Reilly's vile language and assisted in his efforts to discriminate against staff. In addition, plaintiffs allege that defendant Cardinal Timothy Dolan — the head of defendant Archdiocese of New York who appointed Father Reilly to serve as Principal — and the defendant Archdiocese knew about Father Reilly's conduct but did nothing to stop it.
Plaintiffs' claims for hostile work environment were improperly dismissed under the ministerial exception, which precludes some employment claims against religious institutions on First Amendment grounds (see Our Lady of Guadalupe School v Morrissey-Berru, 591 US 732, 756 [2020]; see also Hosanna-Tabor Evangelical Lutheran Church and School v EEOC, 565 US 171, 181 [2012]). Although the ministerial exception was created to protect churches from state interference in their decisions to employ and supervise ministerial employees, it was not intended as a shield from all types of workplace conduct (see Hosanna-Tabor, 565 US at 196).[FN1]
Since Hosanna-Tabor, federal courts have examined the issue before us, that is, the applicability of the ministerial exception to hostile work environment claims. The courts, however, are divided as to the exception's applicability (see e.g. Elvig v Calvin Presbyt. Church, 375 F3d 951, 965 [9th Cir 2004] [where a Presbyterian minister brought a claim for hostile work environment against her employer church, the court held that in the absence of a religious justification, the hostile work environment claim "survives the ministerial exception" defense raised in defendant's motion to dismiss]; cf. Skrzypczak v Roman Catholic Diocese of Tulsa, 611 F3d 1238, 1246 [10th Cir 2010], cert denied 565 US 1155 [2012] [holding that the ministerial exception bars hostile work environment claims because "any Title VII action brought against a church by one of its ministers will improperly interfere with the church's right to select and direct its ministers free from state interference"]).
While the Court of Appeals has recognized that, in a case against a religious employer, a defendant may raise the ministerial exception as an affirmative defense to a hostile work environment claim, it has not yet determined the merit of this defense in a specific case (see Matter of Ibhawa v New York State Div. of Human Rights, 42 NY3d 744, 751 [2024]). Therefore, in the absence of controlling caselaw, we follow the 9th Circuit's approach and find that the ministerial exception should not be extended to apply to conduct such as unlawful harassment simply because such conduct is perpetrated by a religious employer. As the 9th Circuit observed, there is no First Amendment reason to permit the ministerial exception to shield a religious institution from its "obligation to protect its employees from harassment when extending such protection would not contravene the Church's doctrinal prerogatives or trench upon its protected ministerial decisions" (Elvig, 375 F3d at 964).
Here, plaintiffs are correct that there is no religious justification for Father Reilly's appalling conduct, and analyzing their hostile work environment claims would not require the Court to improperly interfere with religious doctrine or defendants' personnel decisions. Accordingly, plaintiffs' hostile work environment claims should not have been dismissed on the basis of the ministerial exception.
Plaintiffs abandoned their retaliation claim because, despite mentioning it in the fact section of their opening brief, the arguments raised with respect to the claim appeared only in their reply brief (see Shaw v Bluepers Family Billiards, 94 AD3d 858, 860 [2d Dept 2012]).
The motion court properly dismissed the defamation claim. The comments made by Father Reilly and defendant Gregory Manos about Boliak are not subject to the ministerial exception because they do not implicate matters of religious doctrine and practice (see Sieger v Union of Orthodox Rabbis of U.S. and Can., 1 AD3d 180, 182 [1st Dept 2003], appeal dismissed, 2 NY3d 758 [2004], lv denied 3 NY3d 604 [2004]; see also Glazier v Harris, 159 AD3d 581, 582 [1st Dept 2018]). However, the comments are nevertheless subject to a qualified privilege, as they were made by Father Reilly and Manos in furtherance of a common interest of a religious organization (see Sieger, 1 AD3d at 182). The record shows that the alleged defamatory statements were privileged because Manos and Father Reilly made them to each other and to others charged with supervision of Boliak (see Presler v Domestic & Foreign Missionary Socy. of the Prot. Episcopal Church in the United States of Am., 113 AD3d 409, 410 [1st Dept 2014]).
Further, Boliak failed to raise a triable issue of fact as to whether the statements were made purely with malice (id.).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 18, 2025

Footnotes

Footnote 1: The Supreme Court in Hosanna-Tabor explicitly stated that,
[t]he case before us is an employment discrimination suit brought on behalf of a minister, challenging her church's decision to fire her. Today we hold only that the ministerial exception bars such a suit. We express no view on whether the exception bars other types of suits, including actions by employees alleging breach of contract or tortious conduct by theirreligious employers. There will be time enough to address the applicability of the exception to other circumstances if and when they arise.
(id. [emphasis added]).